LEHAN, Judge.
The state appeals from the sentence of defendant which the state contends was a downward departure from the sentencing guidelines.
The sixty-two year old defendant was indicted under separate counts for first-degree murder and burglary with a firearm in connection with the killing of her husband’s mistress. The state and defendant entered into a plea agreement under which, as to the first count, the state would accept a plea to a reduced charge of murder in the second degree, and the charge under the second count would remain burglary with a firearm. The guidelines scoresheet reflected a presumptive sentencing range of twelve to seventeen years. It was the understanding of the defendant and the state that after the defendant pleaded nolo contendere to the charges as reduced pursuant to the plea agreement the trial court would sentence defendant to a term of incarceration between twelve and seventeen years. It was further the understanding under the plea agreement that neither side would appeal a sentence imposed within that range.
The defendant pleaded nolo contendere and was adjudicated guilty. The trial court sentenced defendant on each count to con *243 current terms of twelve years in prison. The court suspended those sentences and imposed concurrent terms of six years to be followed by eleven years probation.
The state contends that the trial court improperly departed from the plea agreement and from the guidelines.
We need not address whether the trial court failed to follow or was bound to follow a negotiated plea agreement for sentencing within a particular range. The record shows that there was the additional understanding by both sides that if the trial court did not sentence defendant within that range the state could appeal; accordingly, it was understood that the trial court might not sentence defendant within that range. We also need not address whether suspension of part of a sentence which had been imposed at the lower end of the guidelines range is a departure from the guidelines. Assuming that such suspension was a departure, see State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985), we do not conclude that the trial court erred. Among the reasons for the sentence and the suspension thereof was defendant’s lack of a prior record. See State v. Schoff, 490 So.2d 1040 (Fla. 2d DCA 1986). Contra State v. Sanders, No. 85-2149 (Fla. 4th DCA Aug. 13, 1986) [11 FLW 1783]. Although other reasons which were given for the trial court’s sentencing actions were not entirely sufficient, we are convinced that the trial court would have taken the same actions even in the absence of insufficient reasons. See Schoff.
Affirmed.
DANAHY, C.J., and CAMPBELL, J., concur.