604 So.2d 556 (1992)
STATE of Florida, Appellant,
v.
James BOWLAND, Appellee.
No. 91-02281.
District Court of Appeal of Florida, Second District.
August 26, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellant.
Robert J. Elkins, Sarasota, for appellee.
RYDER, Acting Chief Judge.
The state challenges the downward departure sentence imposed on the appellee, James Bowland. The trial court erred in imposing a downward departure sentence without written reasons. The trial court also erred in accepting the plea agreement over the state's objection. We therefore reverse and remand for resentencing within the guidelines.
Appellee was charged by amended information with three counts of sexual activity by a person in familial or custodial authority in violation of section 794.041, Florida *557 Statutes (1989), and one count of lewd, lascivious or indecent assault or act upon a child in violation of section 800.04, Florida Statutes (1989). Over the state's objection, the trial court accepted a plea agreement pursuant to which appellee pleaded nolo contendere and was sentenced to a suspended fifteen-year sentence, concurrent, on all four counts. Appellee was then placed on community control for two years to be followed by thirteen years' probation. No guidelines scoresheet was prepared; however, the state alleged that it had information that appellee was in the nine to twelve-year recommended range and seven to seventeen-year permitted range. Our calculation of appellee's points for the instant offenses agrees with the state's sentence range calculation.
On appeal, the state contends that the trial court's sentence fell outside of the permitted range and was not accompanied by a written statement delineating the reasons for departure as required by Florida Rule of Criminal Procedure 3.701 d. 11. The state also argues that State v. DeMarco, 495 So.2d 242 (Fla. 2d DCA 1986) is not controlling because the state was not a party to the sentencing agreement. Appellee counters that the DeMarco case is controlling, and that the trial court sentenced him within the permissive range of sentence, suspended the sentence and entered another legal sentence. Appellee also notes that the record contained reasons for the suspension of his sentence which included no prior record and the fact that he is the sole support of his family.
"Any sentence outside the permitted guideline range must be accompanied by a written statement delineating the reasons for the departure." Fla.R.Crim.P. 3.701 d. 11. The committee note to rule 3.701(d)(13) states that community control is a viable alternative for any state prison sentence less than twenty-four months without requiring a reason for departure. We conclude that the trial court's sentence in the instant case constituted a downward departure.
As noted in State v. Malone, 489 So.2d 213, 214 (Fla. 3d DCA 1986), it would be anomalous and not in furtherance of the sentencing guideline policies of sentencing uniformity to require that the trial court set forth written reasons for a slight departure in the form of some lesser prison term, but is exempt from this requirement where the departure is substantial but is in the form of community control and probation. We must conclude that it was error for the trial court to impose a downward departure sentence on appellee without written reasons. Pope v. State, 561 So.2d 554 (Fla. 1990).
We agree with the state that DeMarco is not controlling because the state was not a party to the instant sentencing agreement. It was error for the trial court to accept the agreement over the state's objection. Until the trial judge formally accepts the plea offer or negotiation, it may be withdrawn by either party without any necessary justification. Fla.R.Crim.P. 3.172(f).
Because of the above, this case is reversed and remanded for further proceedings wherein the defendant must be allowed an opportunity to withdraw his plea. If the defendant does not withdraw his plea, then the lower court will resentence him with no possibility of departure from the guidelines.
Reversed and remanded with directions.
PARKER and PATTERSON, JJ., concur.