664 So.2d 309 (1995)
STATE of Florida, Appellant,
v.
Charles David SMALLWOOD, Appellee.
No. 95-440.
District Court of Appeal of Florida, Fifth District.
December 8, 1995.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellee.
PER CURIAM.
The State of Florida appeals the judgment and sentence entered against Charles Smallwood asserting that the court impermissibly entered a downward departure sentence. The State acknowledges that each of the three reasons the court gave for departing are valid grounds to mitigate a guideline sentence; however, it argues that in the present case, there was no record evidence to support the court's findings.
This court has previously held that the trial court's reasons to impose a downward departure from the sentencing guidelines must be supported by clear and convincing evidence. See State v. Johns, 576 So.2d 1332, 1335 (Fla. 5th DCA 1991) (citing Reimel v. State, 532 So.2d 16 (Fla. 5th DCA), rev. denied, 542 So.2d 989 (Fla. 1989)). After a careful review, we find no record support for any of the three reasons the trial court cited. Furthermore, we find that when a plea agreement is between a defendant and the court without the state's agreement, it is impermissible to then allow the court to use subsection 921.0016(4)(a), Florida Statutes (1993),[1] to justify a departure sentence. If this were permitted, a trial judge could unilaterally determine the sentence of his or her choice, notwithstanding the sentencing guidelines or the state's position on the matter, as long as it was agreeable with the defendant. Such a practice would circumvent the entire sentencing guideline scheme. Accordingly, we reverse and remand for resentencing. On remand, Smallwood shall be given an opportunity to withdraw his plea if he so desires because the record demonstrates that Smallwood believed he had a negotiated sentence, albeit with the court instead of the State.
REVERSED and REMANDED.
*310 GOSHORN and ANTOON, JJ., concur.
DAUKSCH, J., concurring specially, with opinion.
DAUKSCH, Judge, concurring specially.
I concur with the majority opinion and write only to say again that it would be much cleaner and certainly more judicious for all judges to undertake the entire burden of sentencing and leave any bargaining out of the process. In my opinion, judges should use the framework and dictates of the sentencing guidelines statutes and rules to decide for themselves the proper sentence. This is not to say that judges should not consider the recommendations and wishes of the lawyers, corrections officials, victims and all others concerned; but it is to say the judge leaves something to be desired when sentencing bargaining occurs. Especially when one side is left out. Let the state and the accused plea bargain and then leave the sentence to the judge alone.
NOTES
[1] Florida Statutes subsection (4)(a) states:

(4) Mitigating circumstances under which a departure from the sentencing guidelines is reasonably justified include ...
(a) The departure results from a legitimate, uncoerced plea bargain.