710 So.2d 119 (1998)
STATE of Florida, Appellant,
v.
Paul LAPERRERI, Appellee.
No. 97-02894.
District Court of Appeal of Florida, Second District.
April 15, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellee.
ALTENBERND, Acting Chief Judge.
The State appeals Paul Laperreri's sentence of 5 years' probation for possession of cocaine. We reverse because the trial court failed to include points for offenses in Mr. Laperreri's prior record that were greater than 10 years old. Because the State did not consent to the plea agreement between Mr. Laperreri and the trial court, the sentence cannot be affirmed as a downward departure based on uncoerced plea agreement.
On June 13, 1994, the police arrested Mr. Laperreri for possession of cocaine, which was found in the car he was driving. After the denial of his motion to suppress, he signed a plea form, agreeing to a term of 5 years' probation that could be terminated after 2½ years if he successfully complied with the drug offender conditions. The State *120 never signed the form or formally agreed to this plea.
At the change-of-plea hearing on January 30, 1997, the State argued that the trial court must include points on the scoresheet for Mr. Laperreri's offenses occurring prior to 1984.[1] The eight older offenses were serious felonies, including attempted kidnapping, robbery, aggravated battery, burglary, and escape. Without these offenses, the scoresheet totaled 28.2 sentencing points, and probation was a proper sentence. If points are included for these offenses, then the score rises to 73.8 points, and the imposition of probation was a substantial downward departure.
The trial court announced that it had never been its policy to add points to a scoresheet for offenses older than 10 years. Accordingly, it accepted the smaller score and sentenced Mr. Laperreri to probation pursuant to the plea agreement. We note that the scoresheet has been stamped, "legitimate uncoerced plea bargain," but the trial court did not announce a downward departure sentence, the scoresheet is not signed by the judge, and it is not clear who may have placed this stamp on the scoresheet.
The trial court's announced policy is a misinterpretation of Florida Rule of Criminal Procedure 3.702(d)(8)(A), which states:
Convictions for offenses committed more than 10 years prior to the date of the commission of the primary offense are not scored as prior record if the defendant has not been convicted of any other crime for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or other sanction, whichever is later, to the date of the commission of the primary offense.
Mr. Laperreri had been convicted of another crime in the ten-year period, and thus his scoresheet must include the prior offenses. Because the State did not join in the plea agreement, there is no possibility that the sentence is a valid downward departure based on uncoerced plea agreement. See State v. Smallwood, 664 So.2d 309 (Fla. 5th DCA 1995); State v. Bowland, 604 So.2d 556 (Fla. 2d DCA 1992).
Accordingly, we reverse Mr. Laperreri's sentence, and remand for resentencing. On remand, the trial court is directed to give Mr. Laperreri the opportunity to withdraw his plea.
Reversed and remanded.
QUINCE and GREEN, JJ., concur.
NOTES
[1] Mr. Laperreri argues that the State cannot appeal this sentencing error in light of Davis v. State, 661 So.2d 1193 (Fla.1995). This appeal is governed by Florida Rule of Appellate Procedure 9.140(c)(1)(J), effective January 1, 1997, which clearly provides jurisdiction in this case.