753 So.2d 737 (2000)
STATE of Florida, Appellant,
v.
Daniel SAWYER, Appellee.
No. 2D98-4230.
District Court of Appeal of Florida, Second District.
March 22, 2000.
Robert A. Butterworth, Attorney General, Tallahassee and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
No appearance for Appellee.
CAMPBELL, Acting Chief Judge.
The State appeals appellee's downward departure sentence. We agree that the downward departure is not supported by the record and reverse and remand for resentencing.
A trial court may impose a departure sentence based upon circumstances *738 or factors which reasonably justify the aggravation or mitigation of the sentence in accordance with section 921.0016, Florida Statutes (1997). The facts supporting the departure must be established by a preponderance of the evidence and must be explained in writing by the trial judge. See § 921.0016(6), Fla. Stat. (1997); State v. Bernard, 744 So.2d 1134 (Fla. 2d DCA 1999). Here, the sentencing guidelines' recommended sentencing range was 18.97 to 31.42 months' incarceration. The trial judge imposed, in exchange for a guilty plea to possession of cocaine and, over the objection of the State, a sentence of 364 days in county jail concurrent to sentences in two other cases.
The reason listed for departure was that appellee lacked the capacity to conform his behavior to the requirements of law. While this is a valid mitigator under section 921.0016(4)(c), there is nothing in the record to support this reason for departure. A review of the transcript reveals that this reason was listed apparently because no other reason would fit. When the State inquired whether there was anything in the record to support the departure, defense counsel stated that there had been some previous discussions with the trial court that were not included in the record. This is insufficient. See State v. Zumpf, 728 So.2d 347 (Fla. 2d DCA 1999). The trial judge then asked defense counsel if there was a box to check that stated "failure to keep his ducks in a row" over the last eighteen months. When defense counsel responded that there was no such box, the judge told him to check the box labeled "other" and write on the bottom "failed to keep his ducks in a row."
Finally, although an uncoerced plea bargain is a valid reason to depart from the guidelines, the downward departure in this case cannot be upheld on this basis because the State did not join in the plea agreement. See State v. Laperreri, 710 So.2d 119 (Fla. 2d DCA 1998); State v. Bowland, 604 So.2d 556 (Fla. 2d DCA 1992). On remand, appellant should therefore be given the opportunity to withdraw his plea. See State v. Cohen, 667 So.2d 438 (Fla. 2d DCA 1996).
Reversed and remanded.
PARKER and SALCINES, JJ., Concur.