CRENSHAW, Judge.
The State appeals the downward departure sentence imposed on John Craig Anthony Daniels after he entered an open plea of nolo contendere to one count each of criminal mischief, burglary of a structure, resisting arrest 'without violence, and possession of drug paraphernalia. Daniels was sentenced to time served for each count, except for burglary of a structure, for which he received a sentence of 42 months’ prison. His sentencing scoresheet indicated the lowest permissible sentence was 53.1 months’ prison. The State argues, and Daniels concedes, that the trial court improperly imposed a downward departure sentence, based on an alleged “legitimate, uncoerced plea bargain,” since the State was not a party to any plea bargain with Daniels. See § 921.0026(2)(a), Fla. Stat. (2011); State v. Laperreri, 710 So.2d 119, 120 (Fla. 2d DCA 1998). We agree.
Because the trial court did not provide a valid ground for departure, we reverse Daniels’ sentence and remand for further proceedings. See Jackson v. State, 64 So.3d 90, 93 (Fla.2011). On remand, Daniels is not precluded from filing a motion to withdraw his plea if there is a valid basis for him to do so. See State v. Isom, 36 So.3d 936, 937 (Fla. 2d DCA 2010).
Reversed and remanded.
SILBERMAN and VILLANTI, JJ., Concur.