ON REHEARING
PER CURIAM.
Appellant’s motion for rehearing is granted and the following opinion is substi *1289 tuted in lieu of the opinion filed March 30, 1988.
At sentencing the trial court assessed costs in the amount of $250.00 against appellant who had been declared indigent for trial purposes. No statutory authority was given for this assessment. Appellant raised no objection to the cost assessment at sentencing.
In Henriquez v. State, 513 So.2d 1285 (Fla. 2d DCA 1987), we held that failure to raise a contemporaneous objection to a cost award announced by the court at the sentencing hearing constitutes a waiver precluding an appellant from raising the propriety of such costs on appeal. Orleman v. State, 527 So.2d 303 (Fla. 2d DCA 1988). In Henriquez, however, we did not focus on the failure of a judge to give statutory authority in imposing costs. In Aultman v. State, 515 So.2d 391 (Fla. 2d DCA 1987), we held that the trial court’s failure to announce the statutory authority for the imposition of costs did not provide the defendant an adequate notice and opportunity to object to those costs. We, therefore, strike the costs without prejudice to the costs being reassessed after appropriate notice and hearing and the citation of proper statutory authority.
We remand, also, for correction of the judgment to reflect that the conviction for possession of drug paraphernalia is a misdemeanor and not a third degree felony. In all other respects, the judgment and sentences are affirmed.
FRANK and PARKER, JJ., concur.
DANAHY, A.C.J., specially concurs.