PER CURIAM.
Appellant raises two points in this appeal. The first point alleges that it was error for the trial judge to depart upward from the recommended guideline sentence without providing written reasons for doing so. However, the sentence imposed herein was pursuant to a plea agreement. This is sufficient reason for departing from the guidelines and, under these circumstances, written reasons for departure need not be given. Davis v. State, 528 So.2d 521 (Fla. 2d DCA 1988).
Appellant’s second point challenges the imposition of a fine and costs alleging no notice or opportunity to be heard in violation of Jenkins v. State, 444 So.2d 947 (Fla.1984). We hold that Jenkins does not apply to fines because fines are part of the potential sentence for particular crimes of which defendants are inherently on notice.
We do find that the $250.00 cost provision was imposed in violation of Jenkins and must be vacated. The state argues that Henriquez v. State, 513 So.2d 1285 (Fla. 2d DCA 1987) controls because costs were imposed in open court without objection by appellant. However, the judge did not give statutory authority for imposing costs. This has been held to deprive a defendant of adequate notice and opportunity to object. Gloster v. State, 528 So.2d 1288 (Fla. 2d DCA 1988). Therefore, we strike the imposition of costs but otherwise affirm.
FRANK, A.C.J., and THREADGILL and PARKER, JJ., concur.