PER CURIAM.
We reverse the defendant’s sentence because the trial court failed to provide written reasons for the downward departure. Although generally, no written reasons are required for a departure based upon a negotiated plea agreement, see Smith v. State, 529 So.2d 1106 (Fla.1988); Long v. State, 540 So.2d 903 (Fla.2d DCA 1989), the state was not a party to the plea agreement between the court and the defendant in this case. Upon remand, the trial court shall give the defendant the opportunity to withdraw his plea. See Stranigan v. State, 457 So.2d 546 (Fla. 2d DCA 1984). If the defendant does not elect to withdraw his plea, then the trial court shall sentence him within the guidelines. See State v. Cook, 571 So.2d 22 (Fla. 2d DCA 1990).
DANAHY, A.C.J., and PARKER and PATTERSON, JJ., concur.