PER CURIAM.
The State of Florida appeals from the downward departure sentence imposed upon the defendant below, Kirk Johnson. We agree with the State’s contention that the three reasons set forth for the downward departure were either invalid, State v. Smallwood, 664 So.2d 309 (Fla. 5th DCA 1995)(holding that a downward departure based on a legitimate, uncoerced plea is not justified where the plea agreement is between the defendant and the court without the State’s agreement), or unsupported by a preponderance of the evidence. § 921.001(4)(a)(6), Fla.Stat. (1995).
Accordingly, the downward departure sentence is reversed and remanded to the trial court for resentencing within the guidelines. Jones v. State, 559 So.2d 204 (Fla.), cert. denied, 498 U.S. 907, 111 S.Ct. 276, 112 L.Ed.2d 232 (1990). Further, at the resen-tencing hearing, the defendant must be given the opportunity to withdraw his plea. State v. Gordon, 645 So.2d 140 (Fla. 3d DCA 1994), review denied, 652 So.2d 816 (Fla.1995).