840 So.2d 319 (2003)
STATE of Florida, Appellant,
v.
Jeffrey R. FAULK, Appellee.
No. 5D02-565.
District Court of Appeal of Florida, Fifth District.
February 14, 2003.
Rehearing Denied March 27, 2003.
*320 Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellee.
GRIFFIN, J.
The State of Florida appeals a downward departure sentence. We reverse.
On August 25, 2001, Jeffrey R. Faulk ["Faulk"] was seen placing an automobile battery from the service bay of a U-Haul dealership in the trunk of his vehicle. When confronted by a U-Haul employee, Faulk allegedly attempted to run away and struggled with the employee. However, he waited for police to arrive. He was arrested and ultimately charged by information with robbery with subsequent force and misdemeanor trespass in a structure.
At a hearing which took place on January 30, 2002, the record suggests that plea discussions involving the trial judge took place off the record. When the parties went on the record, the trial judge characterized these discussions as follows:
Mr. Faulk, the court made an offer to your attorney to resolve this case.
Faulk's guidelines scoresheet showed a minimum permissible sentence of 40.65 months in the Department of Corrections. The "offer" was to impose a downward departure sentence for the robbery of five years suspended, upon the successful completion of two years of community control, followed by three years probation, in exchange for a plea. The judge then said:
* * *
Well, you want to reject the offer at this time or you want to accept the offer?
You reject the offer it's not going to be made again. I'm not going to make the offer again. You would go to trial. Those are potentially the sentence [sic] you could receive. I haven't heard the evidence of yet but you could receive up to fifteen years in state prison.
(Emphasis added).
Faulk indicated some initial reluctance to accept the court's offer, explaining he was working two jobs and was worried he would not be able to comply with the requirements of community control. The court reiterated that Faulk could do substantial prison time if he failed to accept the court's offer for a plea and noted that he could apply to have the community control converted to probation after one year if he had no violation.
Faulk ultimately accepted the court's offer and pled nolo contendere to both robbery and trespass, with the understanding that he would receive five years in the Department of Corrections for the robbery, suspended upon the successful completion of two years of community control, followed by two years of probation. He was sentenced to time served (twenty-two days) for the misdemeanor trespass.
Upon the acceptance of this plea and the imposition of this sentence, the prosecutor objected that the sentence constituted a downward departure without valid reasons. The prosecutor explained that:
This is his at lest [sic] eighth guilty conviction. As I noted earlier to the *321 court in Mr. Martinko's presence, he does not qualify as for any kind of sentencing enhancement. He's not habitual felony offender prison releasee reoffender, however, per scoresheet he should be on the bus to DOC for this offense. And so we're objecting to him not receiving at least forty point six five months in the Department of Corrections. Appears to be no legal basis for downward departure from what I seen [sic] any of the facts of the case.
The following reasons for a downward departure were then offered by the court:
THE COURT:
Okay. We would find as a reason of mitigation offense was committed in an unsophisticated manner, isolated incident. He's not had any problems for almost six years. And also noted, I guess, it was a car battery that was the subject matter of this in dispute between the two individuals and would be a basis for the downward departure from the court's position.
Okay, Mr. Faulk, you're all set.
DEFENSE COUNSEL:
Thank you, sir.
THE PROSECUTOR:
For the record I don't believeI understand it was a car battery involved probably worth a hundred dollars. As far as I know there's no dispute between the two individuals other than the fact defendant had stolen this item from a business and they wanted to get their property back.
A written judgment and sentence was entered by the court, but no written departure order was ever entered.
The State first complains that Faulk's sentences must be reversed because they were the product of a plea negotiation initiated by the court. This would be per se reversible error. In State v. Chaves-Mendez, 809 So.2d 910 (Fla. 5th DCA 2002), which involved the same trial judge, this court held:
The trial court's initiation of plea negotiations with the defendant was per se reversible error. As the Supreme Court cautioned in State v. Warner, 762 So.2d 507, 513 (Fla.2000), "the trial court must not initiate a plea dialogue; rather, at its discretion, it may (but is not required to) participate in such discussions upon request of a party."
Id. at 910 (Emphasis added).
Faulk attempts to avoid the Chaves-Mendez decision by arguing that the transcript of the plea negotiation appears to be incomplete, and it is possible that one of the parties had requested the court's participation. We continue to exhort the judges and counsel that all plea discussions must be on the record. This does not always happen and, in a proper case, could affect the outcome of an appeal. In this case, however, the record is clear enough that it was the court who made the plea offer. Accordingly, we vacate the sentence and remand for further proceedings. On remand, Faulk may withdraw his plea. Chaves-Mendez, 809 So.2d 910.[1]
REVERSED and REMANDED.
ORFINGER, J., concurs.
SHARP, W., J., concurs specially, with opinion.
SHARP, W., J., concurring specially.
I agree the sentence in this case must be reversed because the sentencing judge was improperly involved in the plea bargain with the defendant, which resulted in the *322 downward departure sentence. Under these circumstances, I think we should refrain from prejudging the validity of the departure reasons given in this case. On remand if Faulk, the defendant in this case, so chooses, he should be permitted to withdraw his guilty plea since his plea was based on the plea negotiation we now find was improper. State v. Chaves-Mendez, 809 So.2d 910 (Fla. 5th DCA 2002); State v. Abrams, 706 So.2d 903 (Fla. 2d DCA 1998); State v. Johnson, 696 So.2d 1328 (Fla. 3d DCA 1997).
Under the current Criminal Punishment Code,[1] which applies to this case, the sentencing judge must supply reasons for departing downward in all cases. See § 921.00265(1) and (2), Fla. Stat. The Code lists a "legitimate, uncoerced plea bargain" as one of the possible mitigating circumstances under which a downward departure may be justified,[2] although in the past no written reasons have been required for a departure based on a negotiated plea agreement. Collins v. State, 766 So.2d 1009, 1010 n. 2 (Fla.2000); Maddox v. State, 760 So.2d 89, 107 (Fla.2000); State v. Williams, 667 So.2d 191 (Fla.1996). Of course, this principle is inapplicable where, as here, the state was not a party to the plea agreement between the court and the defendant. Chaves-Mendez, 809 So.2d at 911 (Sawaya, J., concurring); State v. Jones, 579 So.2d 884 (Fla. 2d DCA 1991).
The requirement of valid reasons for a downward departure is in stark contrast to upward departures for which reasons need not be given at all. For crimes committed after October 1998, there is no longer an upward departure limitation or requirement of written reasons or right of a defendant to appeal so long as the sentence is within the statutory maximum. See Maddox, 760 So.2d at 106 n. 14; Willingham v. State, 781 So.2d 512 (Fla. 5th DCA 2001). I simply note the difference, which may be a trap for the unwary, because in this situation equal remedies are not provided for the defense and the state. The scales of justice have now tipped in favor of the state.
NOTES
[1] We note that even if reversal on this ground were not appropriate, the reason given for the downward departure is not supported by the present record.
[1] § 921.002, et seq., Fla. Stat.
[2] § 921.0026(2)(a), Fla. Stat.