CASANUEVA, Judge.
Mr. McCarthy raises two issues in this appeal from convictions and sentences for armed robbery, aggravated assault, petit theft, and resisting arrest with violence. He first contends that sentencing him as a prison releasee reoffender was unconstitutional and, second, that the trial court erred in failing to grant a new trial after allegedly improper closing argument by the State. We affirm.
The sentencing issue has been resolved adversely to Mr. McCarthy in State v. Cotton, 769 So.2d 345 (Fla.2000). In Cotton, the Florida Supreme Court upheld the constitutionality of the Prison Releasee Reoffender Punishment Act, section 775.082(8), Florida Statutes (1997) (renumbered as section 775.082(9)(a)(l), by chapter 98-203, Laws of Florida).
Next, Mr. McCarthy complains of three comments the prosecutor made during closing argument. We are not required here to pass upon the prosecutor’s eloquence or lack thereof. Rather, we measure the comments against existing legal standards and in the context each was made. It is a long-standing rule that improper argument has no place in a criminal trial. See Palazon v. State, 711 So.2d 1176 (Fla. 2d DCA 1998). To insure compliance with this rule, the supreme court has stated that prosecutors must refrain from inflammatory and abusive argument, maintain their objectivity, and behave in a professional manner. See Gore v. State, 719 So.2d 1197, 1202 (Fla.1998). Here, none of the prosecutor’s comments is a contender for an eloquence award, but only one appears to be improper, as a comment on facts not in evidence, and we do not find it so egregious as to require a new trial.
Affirmed.
PATTERSON, C.J., and ALTENBERND, J., Concur.