855 So.2d 1165 (2003)
Lawrence Dale KIDD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3196.
District Court of Appeal of Florida, Fifth District.
October 3, 2003.
*1166 James B. Gibson, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Kidd appeals from his judgment and sentence for having committed a lewd and lascivious battery against his then 14 year old son's, 13 year old girlfriend, a second degree felony.[1] The trial court sentenced him as an habitual felony offender to 30 years in prison, and designated him as a sexual predator pursuant to section 775.21(4)(a). He raises two points on appeal: *1167 the prosecutor made improper comments, meriting a new trial and he was improperly designated as a sexual predator. We find the first point without merit but remand for a hearing on the second point.
At the close of the trial, defense counsel outlined the victim's less than commendable behavior which led to the circumstances in which the defendant was able to perpetrate the crime against her: she telephoned her boyfriend at midnight and talked to him for an hour and a half; she sneaked out of her house to meet her boyfriend and the defendant and others; she consumed a large quantity of alcohol and smoked pot, becoming very sick. During his closing argument, the prosecutor characterized defense counsel's argument as having suggested the victim should not be believed because she was acting "trashy so she got what she deserved."
Defense counsel objected to this characterization. The trial court sustained the objection. However, defense counsel did not ask for a curative instruction, nor did he move for a mistrial.
In order to preserve the issue of improper comment by a prosecutor for appellate review, defense counsel must make a contemporaneous objection to the improper comment and if the objection is sustained, counsel must move for a new trial or mistrial. Holton v. State, 573 So.2d 284 (Fla.1990), cert. denied, 500 U.S. 960, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991); Pedroza v. State, 773 So.2d 639 (Fla. 5th DCA 2000).
However, we reach this issue because Kidd filed a pro se motion for new trial, raising this issue, and the trial court addressed it at the sentencing/motions hearing following the trial. At the hearing, defense counsel adopted Kidd's motion and argued the prosecutor's improper comments merited a new trial. Thus, Kidd avoided the treatment of his pro se motion as a "legal nullity," under the theory that a criminal defendant who is represented by counsel, cannot file pro se pleadings on his or her behalf, and the court must disregard them.[2]
While we reach this point, we nevertheless affirm the trial court's ruling. The comments were not so egregious as to merit a new trial and we find no abuse of discretion in denying Kidd a new trial. See McCarthy v. State, 773 So.2d 88 (Fla. 2d DCA 2000), rev. denied, 790 So.2d 1105 (Fla.2001); Perez v. State, 750 So.2d 161 (Fla. 3d DCA 2000).
With regard to the court's designation of Kidd as a sexual predator, we conclude Kidd's argument that he did not qualify for the designation because he had not been convicted of a prior felony may have merit. Kidd was convicted of a second degree felony in this case. The designation requirements of the statute are set forth in section 775.21(4)(a)1.b. This subsection requires proof of a prior felony conviction or plea to a prior felony before designating a defendant a sexual predator. See Nicholas v. State, 844 So.2d 826 (Fla. 5th DCA 2003).
Kidd filed a pro se motion to correct his sentence regarding the impropriety of the sexual predator designation within the time required for filing motions pursuant to Florida Rule of Criminal Procedure *1168 3.800(b). The trial court denied relief, erroneously relying on section 775.21(4)(a)1.a., which applies to capital, life, or first degree felonies, and does not require proof of a prior felony. Because the court relied on the wrong subsection, it did not take testimony or evidence regarding the existence or non-existence of a prior felony in Kidd's past.
The problem then arises in this case because Kidd's defense counsel failed to join or adopt Kidd's pro se motion, or to file one on his own. As we have already noted, ordinarily such a motion filed by a defendant while represented by counsel would be considered unauthorized and disregarded by the courts. However, for the reasons discussed below, we decline to treat Kidd's pro se motion as a "legal nullity" and address the issue on the merits.
This court has chosen to treat a claimed error in making a sexual predator designation as an "error that occurs as part of the sentencing process," whether or not it is actually a "sentence or a punishment," and therefore, something that is properly addressed by the trial judge that makes the designation in the first place. Nicholson v. State, 846 So.2d 1217 (Fla. 5th DCA 2003). This is contrary to the position taken by two of our sister courts who view sexual predator designations as civil in nature. See Smeltz v. State, 818 So.2d 538 (Fla. 2d DCA 2002) (trial court could treat a defendant's rule 3.800 motion to correct illegal sentence attacking his sexual predator designation as a motion for relief from judgment under rule 1.540); Jackson v. State, 801 So.2d 212 (Fla. 2d DCA 2001) (claim that trial court erred in designating a defendant as a sexual predator could not be raised pursuant to either the rule governing motion to correct sentence or rule governing motions for post-conviction relief); Szuch v. State, 780 So.2d 290 (Fla. 4th DCA 2001) (order denying appellant's post-conviction motion affirmed without prejudice to appellant to file a separate civil suit seeking injunctive or declaratory relief from his sexual predator designation).
At this point in time, how a defendant seeking to challenge a sexual predator designation should proceed, has yet to be clarified under the rules or case law. Under these circumstances, we are reluctant to apply the rule prohibiting hybrid representation in criminal matters to the facts of this case. To do so would disadvantage Kidd and like circumscribed defendants, by circumscribing their appellate remedies in an area that is not clearly criminal or civil.
In Nicholson, we took the position that a challenge to a sexual predator designation should be considered in the context of the sentencing process, be it a civil or a criminal matter, and that rule 3.800(b) applies. A timely motion was made in this case, which satisfies rule 3.800(b) and it was ruled on by the trial court. We conclude the correctness of the sexual predator designation was preserved for appellate purposes.
Because the trial court applied the wrong subsection to Kidd, we remand this case to the trial court to determine the applicability of the sexual predator designation to Kidd, pursuant to the proper subsection which requires proof of a prior felony conviction or plea to a felony.
AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] See § 800.04(4)(a), Fla. Stat.
[2] Logan v. State, 846 So.2d 472 (Fla.2003); Smith v. State, 758 So.2d 741 (Fla. 5th DCA 2000).