946 So.2d 75 (2006)
Henry BOYER, III, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1625.
District Court of Appeal of Florida, First District.
December 27, 2006.
J. Stephen Alexander, St. Augustine, for Appellant.
Charlie Crist, Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
THOMAS, J.
Appellant challenges the trial court's partial denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Appellant's claim may not be raised in a postconviction motion, we affirm.
Appellant pled no contest to two counts of lewd and lascivious acts, agreed to be sentenced as a sexual predator, and was sentenced to 10 years' imprisonment followed by 8 years of sex offender probation. Appellant filed a rule 3.800(a) motion alleging that his sentence was illegal because he did not have a necessary predicate offense to be sentenced as a sexual predator, and sexual offender probation did not exist at the time of his sentencing. The trial court denied Appellant's first claim on the basis that the sexual predator designation was negotiated, and granted Appellant's second claim on the basis that it was not orally pronounced at sentencing. Appellant now appeals the denial of his first claim.
Rule 3.800(a), Florida Rules of Criminal Procedure, permits the trial court to correct an illegal sentence. Any error here does not constitute an illegal sentence, however, because the alleged error involves Appellant's designation as a sexual predator. A sexual predator designation is neither a punishment nor a sentence and does not render a sentence illegal as the term is used in rule 3.800(a). See Gonzalez v. State, 808 So.2d 1265 n. 1 (Fla. 3d DCA 2002) (quoting Fletcher v. State, 699 So.2d 346, 347 (Fla. 5th DCA 1997)); Walker v. State, 718 So.2d 217, 218 (Fla. 4th DCA 1998); see also Freeland v. State, 832 So.2d 923 (Fla. 1st DCA 2002) (holding that the registration and reporting requirements of the Sexual Predator Act are "regulatory and procedural in nature and do not violate the ex post facto clause."). Consequently, Appellant cannot challenge *76 his designation as a sexual predator in a postconviction motion but must instead file a separate civil suit seeking injunctive or declaratory relief. See Saintelien v. State, 937 So.2d 234, 235 (Fla. 4th DCA 2006) (citing Connor v. State, 773 So.2d 1242 (Fla. 4th DCA 2000)).
The Second District recently receded from its prior precedent that an appellant can challenge his or her erroneous designation as a sexual predator only in a separate civil action. King v. State, 911 So.2d 229, 230 (Fla. 2d DCA 2005)(en banc). In King, the Second District certified conflict with the Fourth District and aligned itself with the Fifth District's approach in Nicholson v. State, 846 So.2d 1217 (Fla. 5th DCA 2003), and Cabrera v. State, 884 So.2d 482 (Fla. 5th DCA 2004), permitting an appellant to challenge an erroneous sexual predator designation in a rule 3.800(a) motion. Id. The Second District reasoned that it had incorrectly applied a constitutional provision in a procedural context and that challenging a sexual predator designation in a separate civil suit had proven to be unworkable. Id. at 233.
Whether a civil suit is the most workable solution is not the question presented here. Permitting Appellant to challenge his designation in a rule 3.800(a) motion requires us to ignore prior precedent holding that a designation is not a sentence or a punishment. We believe the better rationale, and consistent with our prior holdings, is to follow the Fourth District and hold that Appellant may challenge an erroneous sexual predator designation in a separate civil suit for injunctive or declaratory relief, but not in a postconviction motion. Accordingly, we affirm the trial court's denial of Appellant's rule 3.800(a) motion, without prejudice to file a separate civil suit, and we certify conflict with King v. State, 911 So.2d 229 (Fla. 2d DCA 2005)(en banc), and Kidd v. State, 855 So.2d 1165 (Fla. 5th DCA 2003). See Connor v. State, 773 So.2d 1242 (Fla. 4th DCA 2000); Brown v. State, 927 So.2d 1024 (Fla. 4th DCA 2006); Saintelien, 937 So.2d at 234; Dragon v. State, 937 So.2d 781 (Fla. 4th DCA 2006).
AFFIRMED; CONFLICT CERTIFIED.
WOLF and LEWIS, JJ., concur.