990 So.2d 494 (2008)
Renoit SAINTELIEN, Petitioner,
v.
STATE of Florida, Respondent.
No. SC06-1888.
Supreme Court of Florida.
August 28, 2008.
*495 Beverly A. Pohl of Broad and Cassel, P.A., Fort Lauderdale, FL, for Petitioner.
Bill McCollum Attorney General, and Celia Terenzio, Senior Assistant Attorney General, Bureau Chief, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, FL, for Respondent.
PER CURIAM.
The district courts are in conflict regarding whether a challenge to a sexual predator designation imposed pursuant to section 775.21(5), Florida Statutes (2003), may be raised in a Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence filed in criminal court. See Saintelien v. State, 937 So.2d 234, 235 (Fla. 4th DCA 2006) (requiring sexual predator designation challenges to be raised in separate civil proceedings); Boyer v. State, 946 So.2d 75 (Fla. 1st DCA 2006) (same); contra King v. State, 911 So.2d 229 (Fla. 2d DCA 2005) (permitting such challenges to be raised in criminal postconviction proceedings); Kidd v. State, 855 So.2d 1165 (Fla. 5th DCA 2003) (same).[1] We resolve this conflict by holding that a rule 3.800(a) motion to correct an illegal sentence may be used to challenge a sexual predator designation, but limit our holding to cases where it is apparent from the face of the record that the defendant did not meet the criteria for designation as a sexual predator.

FACTUAL AND PROCEDURAL BACKGROUND
On September 5, 2003, Saintelien was sentenced to two counts of attempted sexual battery on a child less than twelve years of age. Subsequently, the trial court entered an order designating Saintelien as a sexual predator. Saintelien later filed a motion to correct an illegal sentence pursuant to rule 3.800(a), seeking to vacate his sexual predator designation.[2] He alleged that the designation exceeded the terms of his plea agreement. The trial court denied Saintelien's motion.
The Fourth District affirmed, reasoning that because a sexual predator designation is neither a sentence nor a punishment, it cannot be challenged by filing a motion to correct an illegal sentence in criminal court. Rather, it held that such challenges *496 must be raised in separate civil proceedings. Saintelien, 937 So.2d at 235 (citing Walker v. State, 718 So.2d 217 (Fla. 4th DCA 1998); Connor v. State, 773 So.2d 1242 (Fla. 4th DCA 2000)). In so holding, the Fourth District certified conflict with the Second District's decision in King and the Fifth District's decision in Kidd.

DISCUSSION
At the outset, we note that a defendant has the opportunity to appeal an order imposing a sexual predator designation under Florida Rule of Appellate Procedure 9.140(b)(1)(D), which grants appellate jurisdiction over criminal court orders "entered after final judgment or finding of guilt." See State v. Robinson, 873 So.2d 1205, 1208-09 (Fla.2004). However, a direct appeal does not give the trial court that made the designation the opportunity to correct any error it made. Moreover, there are various circumstances in which a defendant misses the window of opportunity to file a direct appeal. The confluence of this reality, the nature of sexual predator designations, and the structure of our procedural rules have engendered confusion and conflict in the lower courts that we must resolve.
As stated earlier, the conflict issue we must resolve is whether a challenge to a sexual predator designation imposed pursuant to section 775.21(5) may be raised in a rule 3.800(a) motion to correct an illegal sentence filed in criminal court. Because this is a pure question of law, we review it de novo. See State v. McBride, 848 So.2d 287, 289 (Fla.2003) (reviewing de novo the question of whether defendant was procedurally barred from seeking rule 3.800(a) relief).
The First and Fourth Districts prohibit sexual predator designation challenges under the criminal postconviction rules because those rules provide vehicles for challenging sentences,[3] and a sexual predator designation is not a sentence or punishment but merely a status. See Boyer, 946 So.2d at 75; Saintelien, 937 So.2d at 235. These two districts are correct that a sexual predator designation is "neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes." § 775.21(3)(d), Fla. Stat. (2003). Nonetheless, the reality is that, in order to fulfill the Florida Sexual Predators Act's requirement that the sexual predator designation be made "upon conviction" of a qualifying offense, our criminal trial courts make the designation at (or shortly after) sentencing on the qualifying offense(s). See § 775.21(4)(a). In this unique circumstance, we agree with the Fifth District that, "it doesn't much matter that a sexual predator designation is not a sentence or a punishment." Nicholson v. State, 846 So.2d 1217, 1219 (Fla. 5th DCA 2003). "When a claim of a sexual predator designation error is made, the trial judge who made the designation is the one in the best position to evaluate the claim and to correct the error." Id. Moreover,
[i]f the sexual predator designation were merely a civil proceeding somehow appended to a criminal case and either a declaratory judgment action or a Rule 1.540 motion were the only vehicles for relief, the time frames would expand greatly, the difficulty and cost of the proceedings would explode, the judge evaluating the claim of error may well have no knowledge of the law or prior proceedings, indigent defendants would be pro se and who knows who would represent the State.
Id.
The impracticality of requiring such challenges to be raised in separate civil *497 proceedings is illustrated in Judge Altenbernd's opinion in King. As he explains, the Second District originally prohibited sexual predator designation challenges in criminal postconviction proceedings, see 911 So.2d at 231 (citing Angell v. State, 712 So.2d 1132, 1132 (Fla. 2d DCA 1998)), but this approach proved to be judicially inefficient. See id. at 231-33 (citing Coblentz v. State, 775 So.2d 359, 360 (Fla. 2d DCA 2000) (remanding for Coblentz to raise his sexual predator designation challenge in a civil proceeding although the record strongly indicated that the designation was erroneous); Coblentz v. State, 855 So.2d 681, 682 (Fla. 2d DCA 2003) (ultimately reversing the civil division's order denying Coblentz's Florida Rule of Civil Procedure 1.540(b) motion for relief from judgment challenging his sexual predator designation); Jackson v. State, 801 So.2d 212, 213 (Fla. 2d DCA 2001) (affirming the trial court's order denying Jackson's sexual predator designation challenge as improperly raised in a motion for postconviction relief); Jackson v. State, 893 So.2d 706, 707 (Fla. 2d DCA 2005) (ultimately reversing the trial court's order denying Jackson civil relief regarding his sexual predator designation)). Faced with the procedural impracticalities illuminated by Coblentz and Jackson, the Second District in King departed from its precedent and held that parties may challenge their sexual predator designations in postconviction motions under the rules of criminal procedure. King, 911 So.2d at 233 (citing Nicholson, 846 So.2d at 1219; Cabrera v. State, 884 So.2d 482, 484 (Fla. 5th DCA 2004)).
In light of the above, we hold that a defendant may seek correction of an allegedly erroneous sexual predator designation by filing a rule 3.800(a) motion to correct an illegal sentence in criminal court. See King, 911 So.2d at 233; Kidd, 855 So.2d at 1168. However, because rule 3.800(a) is intended to correct errors that are apparent on the face of the record, we limit our holding to cases where it is apparent from the face of the record that the defendant did not meet the criteria for designation as a sexual predator. See Fla. R.Crim. P. 3.800(a) ("A court may at any time correct an illegal sentence . . . when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief. . . .").[4]
In this case, Saintelien's rule 3.800(a) motion sought to vacate his sexual predator designation. We agree with the trial court's denial of his motion because the record shows that Saintelien met the criteria for designation as a sexual predator.

CONCLUSION
For the foregoing reasons, we approve the result of the Fourth District's decision in Saintelien affirming the trial court's denial of Saintelien's 3.800(a) motion to correct an illegal sentence. We also approve the opinions of the Second and Fifth Districts in King and Kidd to the extent that a rule 3.800(a) motion may be used to challenge a sexual predator designation when it is apparent from the face of the record that the defendant did not meet the criteria for designation as a sexual predator.
It is so ordered.
ANSTEAD, PARIENTE, LEWIS, and BELL, JJ., concur.
CANTERO, J., concurs in result only with an opinion, in which WELLS, J., concurs.
QUINCE, C.J., concurs in result only.
*498 CANTERO, J., concurring in result only.
I agree with the majority that the defendant is not entitled to relief. I also agree that civil proceedings such as declaratory judgment actions are ill-suited for challenging sexual predator designations and have proven unworkable. Therefore, like the majority, I would also disapprove the opinion below. Finally, I agree with the majority that challenges to sexual offender designations may be brought on direct appeal under Florida Rule of Appellate Procedure 9.140(b)(1)(d) as orders entered after conviction.
I disagree with the majority, however, that Florida Rule of Criminal Procedure 3.800(a), which permits challenges only to very limited types of sentencing issues, may be used to challenge sexual predator designations. The majority's resolution of this issue thrusts the law from one end of the spectrum to the other. Under the majority's reasoning, not only may sexual predator designations be challenged in criminal proceedings, they can now be filed, as can all motions filed under rule 3.800(a), "at any time."
To the extent the majority seeks a pragmatic approach that permits challenges to be resolved by the same trial court that imposed the designation, it is rule 3.800 (b), not rule 3.800 (a), that would fulfill that role. The majority's resolution not only deviates from the plain language of rule 3.800(a), but removes any time limit to filing such claims, creating as many problems as it solves.
Below, I(A) explain why rule 3.800(a) cannot be used to challenge sexual predator designations; and (B) submit that if any rule should be used to permit trial courts to reconsider designations, it should be rule 3.800(b).

A. Sexual Predator Designations May Not Be Challenged Under Rule 3.800(a)
Some courts have held that challenges to sexual predator designations must be filed in separate civil proceedings. See Saintelien v. State, 937 So.2d 234, 235 (Fla. 4th DCA 2006); Connor v. State, 773 So.2d 1242, 1242 (Fla. 4th DCA 2000); Boyer v. State, 946 So.2d 75, 76 (Fla. 1st DCA 2006). In this case, the district court relied on its previous decision in Connor, 773 So.2d 1242. That case, however, was decided before our decision in State v. Robinson, 873 So.2d 1205 (Fla.2004). As the majority acknowledges, Robinson held that a defendant may challenge a sexual predator designation on direct appeal. Id. at 1208-09.[5] Thus, we have now clarified that a defendant need not file a civil proceeding because he can appeal the decision directly. Robinson, 873 So.2d at 1208-09.
*499 Therefore, a mechanism already exists for challenging sexual predator designations. I agree with the majority that the defendant may raise any error related to the designation on direct appeal from the order imposing it. As I now explain, however, the majority's decision to also allow such challenges under rule 3.800(a) is flawed. That rule allows defendants to challenge certain limited sentencing issues. But we have held that a sexual predator designation is not a sentence. Therefore, rule 3.800(a) cannot apply. The majority's interpretation deviates from the rule's plain language and creates as many problems as it solves.
Apparently because more than two years had expired since his sexual predator designation, the defendant challenged his designation under rule 3.800(a). That rule allows a court to correct certain egregious sentencing errors, such as illegal sentences, "at any time." The full rule states:
A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal. All orders denying motions under this subdivision shall include a statement that the movant has the right to appeal within 30 days of rendition of the order.
Fla. R.Crim. P. 3.800(a) (emphasis added). A challenge to a sexual predator designation clearly is not an error in the "sentencing scoresheet" or a "sentence that does not grant proper credit for time served." Therefore, defendants may invoke rule 3.800(a) only if these designations constitute "illegal sentences."
Few types of sentences have been held to be "illegal." For purposes of the rule, a sentence is only illegal if it "impose[s] a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." Carter v. State, 786 So.2d 1173, 1178 (Fla.2001) (quoting Blakley v. State, 746 So.2d 1182, 1187 (Fla. 4th DCA 1999)). In other words, because rule 3.800(a) permits claims to be raised "at any time," it applies only to egregious errors involving the sentence imposed. See Wright v. State, 911 So.2d 81, 83-84 (Fla.2005) ("[W]hile the illegality contemplated by the rule may be invoked at any time . . . the illegality must be of a fundamental nature." (footnote omitted)); Bover v. State, 797 So.2d 1246, 1249 (Fla.2001) ("Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law." (quoting Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1992))). In fact, not all sentencing errors that would be reversed on appeal as fundamental errorthat is, error that can be corrected despite a lack of objectionconstitute "illegal sentences." See Maddox v. State, 760 So.2d 89, 100 (Fla.2000)
As the statute itself states, and we have acknowledged, a sexual predator designation is neither a sentence nor a punishment. See, e.g., § 775.21(3)(d), Fla. Stat. (2007) ("The designation of a person as a sexual predator is neither a sentence nor a punishment, but simply a status resulting from the conviction of certain crimes."); State v. Partlow, 840 So.2d 1040, 1043 (Fla.2003) ("[T]he requirement to register is not punishment at all. . . ."). Therefore, it cannot constitute "a kind of punishment *500 that no judge under the entire body of sentencing statutes could possibly inflict." Carter, 786 So.2d at 1178 (quoting Blakley, 746 So.2d at 1187).
The majority acknowledges that a sexual predator designation is not a sentence. Majority op. at 496. Therefore, our flirtation with rule 3.800(a) should end there. If the majority believes that the rule should be available to contest sexual predator designations, it should ask a rules committee to suggest changes to the rule, or change the rule itself. See Fla. R. Jud. Admin. 2.140(d) (permitting changes in court rules on an emergency basis), 2.140(f) (providing for requests for consideration by rules committees); E.T. v. State, 957 So.2d 559, 559-60 (Fla.2007) (discharging jurisdiction as moot, but noting that the issue of ineffective assistance of counsel claims in termination cases would be referred to rules committees); State v. Hickson, 630 So.2d 172, 176 n. 10 (Fla.1993) (adopting a rule on a temporary emergency basis and requesting the Criminal Procedure Rules Committee to propose a permanent rule); see also Partlow, 840 So.2d at 1044-45 (Cantero, J., concurring) (agreeing that a rule allowing a defendant to withdraw a plea before sentencing for good cause did not apply after sentencing, but calling for a change in the rule to permit defendants a short period of reflection when the plea and sentence occur successively).
Rather than apply the rule's plain language, the majority reasons that "it doesn't much matter that a sexual predator designation is not a sentence or punishment" because "our criminal trial courts make the designation at (or shortly after) sentencing on the qualifying offense(s)." Majority op. at 496 (quoting Nicholson v. State, 846 So.2d 1217, 1219 (Fla. 5th DCA 2003)). I cannot agree that the rule's plain language becomes irrelevant merely because the designation is made at or around the time of sentencingespecially when other rules already allow defendants to contest such designations.
The majority's decision to permit the use of rule 3.800(a) for these purposes is based on a flawed premise. The majority reasons that "[w]hen a claim of a sexual predator designation error is made, the trial judge who made the designation is the one in the best position to evaluate the claim and to correct the error." Majority op. at 496 (quoting Nicholson, 846 So.2d at 1219). I agree with that statement as far as it goes. The majority then goes on to say, however, that
[i]f the sexual predator designation were merely a civil proceeding somehow appended to a criminal case and either a declaratory judgment action or a Rule 1.540 motion were the only vehicles for relief, the time frames would expand greatly, the difficulty and cost of the proceedings would explode, the judge evaluating the claim of error may well have no knowledge of the law or prior proceedings, indigent defendants would be pro se and who knows who would represent the State.
Majority op. at 496-97 (quoting Nicholson, 846 So.2d at 1219).
The majority's quote from Nicholson is problematic. Nicholson held that sexual predator designations may be challenged under rule 3.800 (b), not rule 3.800 (a). 846 So.2d at 1219. Especially in light of the quote above, the difference is critical. Unlike rule 3.800(a), rule 3.800(b) does impose deadlinesstrict ones. It requires the defendant to raise a claim either during the time allowed for filing a notice of appeal or before the initial brief on appeal is filed. Rule 3.800(b) also allows the same judge who imposed the designation to reconsider it before the appellate court rules. Therefore, the availability of that rule resolves *501 many of the problems the court identified: time frames would not "expand greatly" and the judge evaluating the claim will have knowledge of the law and the prior proceedings. If anything, Nicholson supports a finding that such claims should be filed under rule 3.800(b), not rule 3.800(a).
The problem with the majority's application of rule 3.800(a) is that it fails to cure the problems it identifies. To the contrary, it may exacerbate them. The majority's application of the rule allows challenges to designations to be made "at any time"even long after the designation has been made. Therefore, many of the same problems the majority identifies with use of civil proceedings will remain: the time frames will expand greatly (in fact, infinitely), the judge evaluating the claim of error may well have no knowledge of the law or prior proceedings, and indigent defendants may represent themselves pro se. The decision accomplishes little.
Precisely because rule 3.800(a) imposes no deadlines, it was designed to apply only in very narrow circumstances. The majority now elevates what is concededly not a sentence at all, or even a punishment, to the level of illegal sentences.
The majority's decision is based on another flawed premise: that sexual predator designations are made "at (or shortly after) sentencing on the qualifying offense(s)." Majority op. at 496. This is not always the case. Where the trial court does not make the finding at sentencing, it can be made later. See § 775.21(5)(c), Fla. Stat. (2007); Therrien v. State, 914 So.2d 942, 947 (Fla.2005) (noting that the statute contains a "second chance" clause applicable to persons who could have been but were not declared sexual predators at sentencing); Cabrera v. State, 884 So.2d 482, 488 (Fla. 5th DCA 2004) (Sawaya, C.J., concurring specially) ("There are numerous cases where the courts have upheld designation orders rendered long after the defendant was sentenced for the underlying offense." (citing Thomas v. State, 716 So.2d 789 (Fla. 4th DCA 1997); Pisarri v. State, 724 So.2d 635 (Fla. 5th DCA 1998); Milks v. State, 848 So.2d 1167 (Fla. 2d DCA 2003), approved, 894 So.2d 924 (Fla. 2005); and Walker v. State, 718 So.2d 217 (Fla. 4th DCA 1998))). In fact, in this very case the trial court declared the defendant a sexual predator 113 days after sentencing.[6]
For these reasons, I would hold that sexual predator designations cannot be challenged under rule 3.800(a).

B. Extending Rule 3.800(b)
The majority's desire to have the trial judge who made the designation correct any errors is understandable. Rule 3.800(b), however, is better suited for that purpose. The rule allows the filing of a "motion to correct any sentencing error, including an illegal sentence," before filing an appeal or, when an appeal is pending, before the first brief is filed. Florida Rule of Appellate Procedure 9.140(e) in turn provides that "[a] sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant *502 to Florida Rule of Criminal Procedure 3.800(b)."
Recently, we reiterated that the goal of rule 3.800(b) is "to ensure that sentencing errors are brought to the trial court's attention at the earliest opportunity." Jackson, 983 So.2d at 573 (citing Maddox, 760 So.2d at 95; and Amendments to Fla. Rules of Criminal Procedure 3.111(e) & 3.800 & Fla. Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015, 1016 (Fla.2000)). We explained:
When a sentence is erroneous, it is more efficient to address the issue in the trial court first, where it can be quickly remedied. In many circumstances, however, defendants do not have the opportunity to object or otherwise address the trial court before the sentencing order is entered. . . . Before rule 3.800(b), however, no mechanism existed for the defendant to remedy the error in the trial court. The only remedy was to appeal the sentence. The rule was designed to remedy that institutional inefficiency.
Jackson, 983 So.2d at 573. Rule 3.800(a) fulfills a different purpose. That rule is "intended to balance the need for finality of convictions and sentences with the goal of ensuring that criminal defendants do not serve sentences imposed contrary to the requirements of law." Carter, 786 So.2d at 1176 (emphasis added).
In Jackson, we dealt with the problems courts were having in applying rule 3.800(b). Some of them interpreted the rule broadly, allowing challenges to any rulings that occurred at any point of the sentencing processsuch as the admission of evidence at the sentencing hearing. See, e.g., Yisrael v. State, 938 So.2d 546, 547 n. 1 (Fla. 4th DCA 2006) (holding that a postsentencing motion filed under rule 3.800(b)(2) adequately preserved a claim about the proof supporting a violent felony offender sentence), disapproved in part on other grounds, 986 So.2d 491, 493 n. 1 (Fla.2008) (declining to address the propriety of using rule 3.800(b)(2)), modified, No. SC06-2211 (Fla. July 10, 2008). We clarified that the scope of the rule was limited: "sentencing errors" for purposes of rule 3.800(b) are errors "in sentence-related orders," "errors apparent in orders entered as a result of the sentencing process," "errors related to the ultimate sanctions imposed," and errors "in the sentence itself." Jackson, 983 So.2d at 572-73 (emphasis added).
Although sexual predator designations are not "sentencing errors" (because they are not sentences at all), at least they arguably constitute "errors related to the ultimate sanctions imposed." Therefore, to the extent the majority seeks a pragmatic approach that allows defendants an efficient method to challenge sexual predator designations, in addition to rule 9.140(b)(1)(D), rule 3.800(b) (which was designed to serve that exact function with respect to sentencing errors) better fulfills that purpose.

C. Conclusion
For the reasons explained above, I agree with the majority that challenges to sexual predator designations cannot be brought in separate civil proceedings. I also agree that these designations may be challenged on direct appeal from the order imposing the designation. I disagree, however, with the majority's extension of rule 3.800(a). To the extent the majority desires to allow the trial court that imposed the designation to consider such claims, rule 3.800(b) best serves that function. I therefore would disapprove the opinion below, but I would also disapprove one of the conflicting cases, King v. State, 911 So.2d 229 (Fla. 2d DCA 2005) (en *503 banc).[7] I note, however, that in King the court held that a sexual predator designation can be challenged in four different ways. Id. at 234. My approach still allows defendants to challenge designations in three ways: (1) on direct appeal from the final judgment adjudicating guilt (under Florida Rule of Appellate Procedure 9.140(b)(1)(A)); (2) on direct appeal under rule 9.140(b)(1)(D) where the order is entered after the time to appeal the judgment and sentence; and (3) under rule 3.800(b). This is a small price to pay for remaining faithful to a rule's plain language.
WELLS, J., concurs.
NOTES
[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
[2] We note that Saintelien only seeks to vacate his designation as a sexual predator. He does not seek to withdraw his plea.
[3] See, e.g., Fla. R.Crim. P. 3.800(a)-(b), 3.850.
[4] We will refer the issue raised in this case to the appropriate committee(s) to consider whether it would be appropriate or desirable to amend the procedural rules.
[5] We decided Robinson before the Legislature added subsections (4)(d) and (5)(a)(1) to section 775.21. See Ch. 2004-371, § 1, Laws of Fla. These subsections provide for designation as a sexual predator at the time a person is determined to be a sexually violent predator in a civil commitment proceeding under chapter 394. Id.; see also §§ 394.910-.932, Fla. Stat. (2007) ("Involuntary Civil Commitment of Sexually Violent Predators"). We need not consider here the procedural mechanism for challenging a designation imposed in such proceedings. Just as rule 9.140(b)(1)(D) can be used to challenge sexual predator designations on direct appeal when ordered as a result of criminal convictions, I assume such designations would be appealable under either rule 9.030(b)(1)(A) (providing that the district court shall review "final orders of trial courts") or rule 9.130(a)(4) (allowing appeals of nonfinal orders entered after a final order). See also § 394.9155(1), Fla. Stat. (2007) (providing that the Florida Rules of Civil Procedure apply to involuntary civil commitment proceedings); § 394.917(3), Fla. Stat. (2007) (providing that the public defender of the circuit in which a person is determined to be a sexually violent predator is appointed for appeal).
[6] The majority limits its holding to errors that are "apparent on the face of the record." Majority op. at 497. However, rule 3.800(a) is always limited to correcting errors apparent on the face of the record. Fla. R.App. P. 3.800(a); Renaud v. State, 926 So.2d 1241, 1242 (Fla.2006). The practical effect of the majority's opinion is that when the error is not apparent on the face of the record, these claims will now be cognizable under rule 3.800(b). See, e.g., Jackson v. State, 983 So.2d 562, 574 (Fla.2008) (recognizing that rule 3.800(b) encompasses any claim that could be raised under 3.800(a)).
[7] I would not disapprove Kidd v. State, 855 So.2d 1165 (Fla. 5th DCA 2003), which also conflicts with the decision below. That case, relying on its prior decision in Nicholson, 846 So.2d at 1219, held that a sexual predator designation can be challenged under rule 3.800 (b), not rule 3.800 (a). Id. at 1168. The Fifth District later suggested, however, that such claims could be raised under rule 3.800(a) as well. See Cabrera, 884 So.2d at 484 (finding that the defendant did not preserve the claim for review by filing a motion under rule 3.800(b), but affirming "without prejudice to Cabrera to raise it in a proper motion pursuant to rule 3.800(a) or rule 3.850").