On Remand from the Supreme Court of Florida
 

 PER CURIAM.
 

 This case is returned to us on remand from the Supreme Court of Florida,
 
 Macias v. State,
 
 3 So.3d 1190 (2009). The Supreme Court quashed our decision and remanded the case for “reconsideration upon review of the record and application of [the] Court’s decision in
 
 Saintelien.” Id.
 

 We have reviewed
 
 Saintelien v. State,
 
 990 So.2d 494 (Fla.2008). There, the supreme court quashed our decision that held that a rule 3.800 motion was not the proper vehicle for reviewing a defendant’s designation as a sexual predator. The supreme court reached the opposite conclusion and held “that a defendant may seek correction of an allegedly erroneous sexual predator designation by filing a rule 3.800(a) motion to correct an illegal sentence in criminal court.”
 
 Id.
 
 at 497.
 

 Saintelien
 
 was pending in the supreme court when we affirmed the trial court’s denial of the defendant’s rule 3.800 motion in this case.
 
 [1]
 
 We now know that a rule 3.800 motion can be used to review the issue. However, the supreme court was careful to limit review “to cases where it is apparent from the face of the record that the defendant did not meet the criteria for designation as a sexual predator.”
 
 Id.
 

 Upon review of the June 2006 motion and record attached to the state’s response below, it is clear that the defendant is not entitled to relief. The trial court correctly denied his motion. We note also that in his direct appeal from his conviction and sentence, the defendant raised the propriety of his sexual predator designation. This court affirmed and found “that the state presented the necessary statutory predicate in order to designate appellant a sexual predator.”
 
 Macias v. State,
 
 708 So.2d 1044, 1044 (Fla. 4th DCA 1998). Thus, the record clearly establishes that the defendant meets “the criteria for designation as a sexual predator.”
 
 Id.
 
 We therefore affirm.
 

 Affirmed.
 

 FARMER, MAY and DAMOORGIAN, JJ., concur.
 

 [1]
 

 .
 
 Saintelien v. State,
 
 937 So.2d 234 (Fla. 4th DCA 2006),
 
 rev. granted,
 
 952 So.2d 1191 (Fla. 2007).