PER CURIAM.
 

 William Harvey (Defendant) appeals from an order summarily denying his rule 3.850 motion for postconviction relief in connection with a 1981 case that became final in 1983. We affirm the trial court’s denial of the motion as untimely.
 

 
 *891
 
 We issued an order to show cause whether Defendant might be entitled to reversal as to a portion of his third ground for relief, which was not addressed in the order of denial. There, he alleged that the trial court erred in finding him to be a sexual predator under section 775.21, Florida Statutes, without an opportunity to be heard or present argument that he did not qualify as a sexual predator. If we construe that as a claim that he did not qualify for the designation, untimeliness would not be a bar if the matter were considered pursuant to rule 3.800(a).
 
 See Saintelien v. State,
 
 990 So.2d 494 (Fla.2008) (holding that a rule 3.800(a) motion may be used to challenge a sexual predator designation, but only when it is apparent from face of record that the criteria for the designation were not met).
 

 The state’s response points out that Defendant did not show where in the record there is any substantiation that he was so designated. The motion specifically challenged Defendant’s conviction, judgment, and sentence entered in 1982, years before section 775.21 was enacted and became effective on October 1, 1993.
 
 [1]
 
 If Defendant actually has been designated as a sexual predator,
 
 [2]
 
 the order so designating him could not have been entered with his judgment and sentence in his 1981 case, but would have occurred in connection with his sentencing for a subsequent offense committed after section 775.21 became effective, or thereafter in whatever circuit he was residing when a law enforcement agency may have sought the designation.
 
 Compare
 
 § 775.21(4) & (5), Fla. Stat. (2008).
 

 “When a claim of a sexual predator designation error is made, the trial judge who made the designation is the one in the best position to evaluate the claim and to correct the error.”
 
 Nicholson v. State,
 
 846 So.2d 1217, 1219 (Fla. 5th DCA 2003)
 
 (quoted approvingly by Saintelien,
 
 990 So.2d at 496). There would be no way to determine from Defendant’s criminal record in his 1981 case that the criteria were not met.
 

 Affirmed.
 

 WARNER, STEVENSON and TAYLOR, JJ., concur.
 

 [1]
 

 . Ch. 93-277, § 6, at 2626, Laws of Fla.
 

 [2]
 

 . We note in passing that Defendant's name appears on the Florida Department of Law Enforcement website, not as a sexual predator, but only as a sexual offender. Sexual offenders also are subject to reporting and registration requirements. § 943.0435, Fla. Stat. (2008). Pursuant to section 943.0435, a sexual offender is one who has committed any of certain criminal offenses specified in the statute, among which are violations of section 794.011, excluding subsection 794.011(10). § 943.0435(l)(a)l.a.(I). Defendant's count IV was a violation of section 794.011(3), Florida Statutes (1981). Section 943.0435 contains no provision for a court order designating such offenders as sexual offenders; they attain that status merely by virtue of their convictions.