On Motion for Rehearing, Rehearing En Banc & Certification

STEVENSON, J.
We grant the State’s motion for rehearing, deny rehearing en banc and certification to the Florida Supreme Court, withdraw our previous opinion, and substitute the following in its place.
In this appeal, the defendant challenges his conviction for the criminal offense of the failure of a sex offender to report to the Department of Motor Vehicles (DMV) within forty-eight hours of a change in address. He contends, among other things, that the trial court erred in denying his motion for judgment of acquittal. We agree and reverse the defendant’s conviction.
Section 943.0435(4)(a), Florida Statutes (2010), requires a “sexual offender” to report to DMV within forty-eight hours of any change in residence. The statute defines the term “sexual offender” and sets forth four ways in which an individual may qualify as a “sexual offender.” See § 943.0435(l)(a)l.a.-d., Fla. Stat. Here, the State sought to prove the defendant was a “sexual offender” as the result of an out-of-state sex crime conviction and the jury *289 was instructed on two subparagraphs of the statute, (l)(a)l.a. and b.:
(a) 1. “Sexual offender” means a person who meets the criteria in sub-sub-paragraph a., sub-subparagraph b., sub-subparagraph c., or sub-subparagraph d., as follows:
a. (I) Has been convicted of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction: s. 787.01, s. 787.02, or s. 787.025(2)(c), where the victim is a minor and the defendant is not the victim’s parent or guardian; s. 794.011, excluding s. 794.011(10); s. 794.05; s. 796.08; s. 796.085; s. 800.04; s. 825.1025; s. 827.071; s. 847.0133; s. 847.0135, excluding s. 847.0135(6); s. 847.0137; s. 847.0138; s. 847.0145; or s. 985.701(1); or any similar offense committed in this state which has been re-designated from a former statute number to one of those listed in this sub-sub-subparagraph; and
(II) Has been released on or after October 1, 1997, from the sanction imposed for any conviction of an offense described in sub-sub-subparagraph (I). For purposes of sub-sub-subparagraph (I), a sanction imposed in this state or in any other jurisdiction includes, but is not limited to, a fíne, probation, community control, parole, conditional release, control release, or incarceration in a state prison, federal prison, private correctional facility, or local detention facility;
b. Establishes or maintains a residence in this state and who has not been designated as a sexual predator by a court of this state but who has been designated as a sexual predator, as a sexually violent predator, or by another sexual offender designation in another state or jurisdiction and was, as a result of such designation, subjected to registration or community or public notification, or both, or would be if the person were a resident of that state or jurisdiction, without regard to whether the person otherwise meets the criteria for registration as a sexual offender; ...
To prove the defendant’s status as a “sexual offender” within the meaning of the statute, the State introduced (1) a certificate from the New York State Department of Correctional Services, reflecting that, in September of 1993, the defendant was convicted of “Sexual Abuse 1st” and was incarcerated from September 28, 1993, through September 20, 1995, when he was paroled and (2) a certified copy of the New York sentencing order, reflecting a conviction for “Sexual Abuse 1st, 130.65, ID Felony” and an “indeterminate sentence” of between two and one-half and five years imprisonment. Such evidence was insufficient to establish the defendant’s status as a “sexual offender” under either (l)(a)l.a. or b.
Subsection (l)(a)l.a. requires proof that the defendant was released from the sanction imposed for the offense subjecting him to treatment as a “sexual offender” on or after October 1, 1997. The only evidence before the jury was that the defendant was paroled for the New York offense in 1995. There was no evidence that the defendant continued to be on probation, community control, or parole on or after October 1, 1997. There could thus be no conviction under this subsection.
As for subsection (l)(a)l.b., the defendant argues that, to prove a defendant’s status as a “sexual offender,” the State must offer evidence that the out-of-state jurisdiction “designated” the defendant as a “sexual offender” and the mere fact that the defendant has an out-of-state conviction for a sex offense similar to one of the enumerated Florida offenses is insufficient.
*290 The defendant contends that had the legislature meant convicted in another state for an offense similar to one of the enumerated Florida offenses it would have said so, pointing to the fact that in subsection (l)(a)l.a., the legislature did just that.
The State insists we have already decided this issue adversely to the defendant, relying upon Harvey v. State, 17 So.3d 890 (Fla. 4th DCA 2009). Harvey, though, stands only for the proposition that, in Florida, there is a distinction to be made between a “sexual predator” and a “sexual offender.” While section 775.21, Florida Statutes, expressly requires the Florida courts to make a written finding that the defendant is a “sexual predator,” section 943.0435 “contains no provision for a court order designating such offenders as sexual offenders,” rather “they attain that status merely by virtue of their convictions.” Id. at 891 n. 2. Accord Watkins v. State, 57 So.3d 986 (Fla. 5th DCA 2011). Harvey does not purport to address the circumstances under which a defendant who commits a crime in another jurisdiction will be treated as a “sexual offender” in Florida or whether a “designation” will be required for the out-of-state offense.
We thus turn to the plain language of the statute. The very framework of the statute indicates the legislature appreciated the distinction between simply being convicted for a sex offense and being designated a “sexual offender.” In the context of subsection (l)(a)l.b., the legislature appears to recognize there is no “sexual offender” designation in Florida, i.e., the subsection states “[ejstablishes or maintains a residence in this state and who has not been designated as a sexual predator by a court of this state.” (emphasis added). Nonetheless, the subsection goes on to speak in terms of a “designation” being required for out-of-state offenses: “[e]s-tablishes or maintains a residence in this state and who has not been designated as a sexual predator by a court of this state but who has been designated as a sexual predator, as a sexually violent predator, or by another sexual offender designation in another state or jurisdiction and was, as a result of such designation, subjected to registration .... ” (emphasis added).
Moreover, the use of the word “designation” in subsection (l)(a)l.b. serves a purpose. Under subsection (l)(a)l.a., a defendant’s treatment in Florida as a “sexual offender” for his out-of-state sex offense conviction turns upon whether the out-of-state offense is similar to the enumerated Florida offenses, i.e., the elements of the offenses are to be compared. And, if the elements are similar, the defendant will be treated as a “sexual offender” in Florida; the subsection makes no mention of a designation as a “sexual offender.” The same is true for subsection QXajl.c.[1] Subsection (l)(a)l.b., though, does not require that the out-of-state offense be compared to an enumerated Florida offense. Rather, the defendant *291 will be treated as a “sexual offender” in Florida, if he now maintains a residence in Florida and was “designated” a “sexual offender” by the out-of-state jurisdiction.
Where the words of a statute are not ambiguous, this court must enforce the statute as written. See, e.g., Anderson v. State, 87 So.3d 774, 777 (Fla.2012). We thus hold that, in the absence of evidence that the State of New York designated the defendant as a “sexual predator,” a “sexually violent predator,” or some other “sex offender designation,” the defendant could not be found to be a “sexual offender” under subsection (l)(a)l.b. of the statute either. The trial court thus erred in denying his motion for judgment of acquittal.[2]

Reversed.

TAYLOR and CIKLIN, JJ., concur.

. Subsection (l)(a)l.c. provides as follows: c. Establishes or maintains a residence in this state who is in the custody or control of, or under the supervision of, any other state or jurisdiction as a result of a conviction for committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes or similar offense in another jurisdiction: s. 787.01, s. 787.02, or s. 787.025(2)(c), where the victim is a minor and the defendant is not the victim's parent or guardian; s. 794.011, excluding s. 794.011(10); s. 794.05; s. 796.03; s. 796.035; s. 800.04; s. 825.1025; s. 827.071; s. 847.0133; s. 847.0135, excluding s. 847.0135(6); s. 847.0137; s. 847.0138; s. 847.0145; or s. 985.701(1); or any similar offense committed in this state which has been redesignated from a former statute number to one of those listed in this sub-subparagraph; ...

. Our holding on this issue renders the defendant’s remaining points on appeal moot.