KHOUZAM, Judge.
Vince Boddison appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm. We write only to clarify that ground one should have been considered under the version of section 775.21(4)(b), Florida Statutes, that was in effect at the time Boddison committed the crime.
In ground one, Boddison asserts that his designation as a sexual predator was illegal because he did not have any qualifying offenses within the last ten years. In summarily denying this claim, it appears that the postconviction court applied the current version of section 775.21(4)(b), which allows qualifying offenses to be counted “regardless of the date of offense of the *18 prior felony.” But because Boddison’s offense occurred between April 1, 2003, and June 11, 2003, the 2002 version of the statute applies to Boddison’s designation as a sexual predator. Section 775.21(4)(b), Florida Statutes (2002), states, in relevant part:
If the offender’s prior enumerated felony was committed more than 10 years before the primary offense, it shall not be considered a prior felony under this subsection if the offender has not been convicted of any other crime for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later.
However, it is not apparent on the face of the record whether the present offense occurred more than ten years after Boddi-son’s most recent date of release from confinement, supervision, or sanction. An erroneous sexual predator designation may only be corrected via a motion to correct illegal sentence if the error is apparent on the face of the record. See Saintelien v. State, 990 So.2d 494, 497 (Fla.2008). Accordingly, we affirm the denial of ground one.
Affirmed.
DAVIS and MORRIS, JJ„ Concur.