PER CURIAM.
Ellis pled to two counts of possession of cocaine. In return, the State entered a nolle prosequi to various other drug charges. At sentencing the trial judge, over the State’s objection, imposed downward departure sentences. No reasons were orally pronounced for the departure; however, attached to the scoresheet is a page listing numerous reasons for departure. A box was checked next to “Defendant requires specialized treatment for addiction, mental disorder, or physical disability, and the defendant is amenable to treatment.”
As the State points out, even if this procedure is deemed compliant with the rule,[1] the record is devoid of any evidence supporting such finding. See State v. Hill, 698 So.2d 647, 648 (Fla. 5th DCA 1997); see also State v. Kennedy, 698 So.2d 349, 351 (Fla. 4th DCA 1997). Accordingly, we reverse and remand. Upon remand, a guideline sentence must be imposed, or alternatively, Ellis may withdraw his plea. State v. McGriff, 698 So.2d 331 (Fla. 2d DCA 1997).
REVERSED and REMANDED.
W. SHARP and GOSHORN, JJ., concur.
HARRIS, J., concurs and concurs specially, with opinion.

. Fla. R.Crim. P. 3.703(d)(30)(A).