728 So.2d 787 (1999)
STATE of Florida, Appellant,
v.
Estevan FIGUEROA, Appellee.
No. 98-3025
District Court of Appeal of Florida, Fourth District.
February 24, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellant.
Richard Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellee.

ON MOTION TO DISMISS
PER CURIAM.
The state appeals a final sentencing order imposing a legal sentence which was entered over the state's objection after the trial court advised appellee, Estevan Figueroa, that if he pled to the crimes charged it would be willing to withhold adjudication of guilt and place him on probation. Appellee seeks dismissal of the appeal on the basis that the state does not have the right to appeal such an order. We agree.
The state, in support of its contention that it may appeal the order presently under review, argues that under the Fifth District Court of Appeal's decision in State v. Gitto, 23 Fla. L. Weekly D1550, ___ So.2d ___, 1998 WL 335787 (Fla. 5th DCA June 26, 1998), the doctrine of separation of powers precludes the trial court from entering into a plea agreement with the defendant. Gitto is inapposite here because it does not discuss the issue of jurisdiction and a close reading of the opinion reveals that the district court had jurisdiction in that case because each of the consolidated cases involved the imposition of a downward departure sentence. The state was permitted to appeal under Florida Statute section 924.07(1)(i), (1995). As a note, in State v. Warner, 721 So.2d 767, 769 (Fla. 4th DCA 1998), this court "disagree[d] with Gitto to the extent that it holds that a court can never, over the state's objection, advise a defendant of the sentence it would impose if the defendant pleads guilty to the charges filed by the state."
In State v. F. G., 630 So.2d 581 (Fla. 3d DCA 1993), aff'd, 638 So.2d 515 (Fla.1994), the state appealed final disposition orders in juvenile delinquency cases arguing that claimed procedural errors leading up to the entry of the orders rendered the dispositions "illegal" for purposes of a state appeal under Florida Statute section 39.069(1)(b)(5), (1991). The district court held that the claim of such procedural error does not render the disposition illegal and, therefore, the appeals should be dismissed. The supreme court agreed and adopted the district court's opinion.
Similarly, in State v. Riley, 648 So.2d 825 (Fla. 3d DCA 1995), the third district dismissed an appeal by the state in which the state argued that the trial court rendered an illegal sentence when it refused to make habitual defender findings as required under section 775.084, Florida Statutes, (1993). The court held that, as in F. G., the procedural error does not make the sentence illegal under section 924.07(1)(e), Florida Statutes, *788 (1993). The trial court's error did not fall within any provision under which the state can appeal.
Finally, in an appeal almost identical to the one at issue, the first district held that Florida Rule of Appellate Procedure 9.140(c) and section 924.07 do not authorize the state to appeal when the trial court enters into its own plea agreement with the defendant. See State v. Hewitt, 702 So.2d 633 (Fla. 1st DCA 1997).
Appeal dismissed.
FARMER, SHAHOOD and HAZOURI, JJ., concur.