809 So.2d 910 (2002)
STATE of Florida, Appellant,
v.
Jorge CHAVES-MENDEZ, Appellee.
No. 5D01-1996.
District Court of Appeal of Florida, Fifth District.
March 15, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela Koller, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellee.
PALMER, J.
The State appeals the sentences imposed by the trial court on Jorge Chaves Mendez ("defendant")[1]. We reverse.
The defendant was charged by two count information with committing the crimes of capital sexual battery on a person less than 12 years of age, and lewd and lascivious molestation.[2] When the case was called for trial, the trial court sua sponte initiated plea negotiations with the defendant. This negotiation contemplated that, in exchange for the defendant's agreement to enter a plea of nolo contendere to both charges, the trial court would impose a sentence of probation. Over the objection of the State and the victim's family, the defendant accepted the trial court's plea offer. Thereafter, the trial court entered judgment on the defendant's plea and sentenced him accordingly. The State appeals arguing that the defendant's sentences are illegal because the trial court lacked the authority to initiate plea negotiations with the defendant. We agree.
The trial court's initiation of plea negotiations with the defendant was per se reversible error. As the Supreme Court cautioned in State v. Warner, 762 So.2d 507, 513 (Fla.2000), "the trial court must not initiate a plea dialogue; rather, at its discretion, it may (but is not required to) participate in such discussions upon request of a party."
Here, since the trial court sua sponte initiated plea negotiations with the defendant, we must reverse the defendant's sentences *911 and remand this case to the trial court. Upon remand, defendant may withdraw his plea. See State v. Ellis, 715 So.2d 364 (Fla. 5th DCA 1998)(allowing a defendant to withdraw his plea upon reversal of his sentence imposed on a plea agreement).[3]
Sentence REVERSED and case REMANDED.
THOMPSON, C.J., concurs.
SAWAYA, J., concurs and concurs specially, with opinion.
SAWAYA, J., concurring and concurring specially.
I fully concur in the majority opinion and write only to express an additional ground that I rely on for reversal.
The scoresheet prepared for count II, lewd and lascivious assault, calculated a minimum sentence of seventy-eight months' incarceration.[1] The only reason pronounced by the trial judge for imposition of the downward departure sentence of probation was a "legitimate, uncoerced plea bargain." However, the State was not a party to any "plea bargain" and the law is clear that a plea agreement to which the State is not a party is not a valid reason for imposition of a sentence that constitutes a downward departure from the sentencing guidelines. See State v. Sawyer, 753 So.2d 737, 738 (Fla. 2d DCA 2000) ("Finally, although an uncoerced plea bargain is a valid reason to depart from the guidelines, the downward departure in this case cannot be upheld on this basis because the State did not join in the plea agreement.") (citing State v. Laperreri, 710 So.2d 119 (Fla. 2d DCA 1998); State v. Bowland, 604 So.2d 556 (Fla. 2d DCA 1992)); see also State v. Beck, 763 So.2d 506, 508 (Fla. 4th DCA 2000) ("[A] plea bargain contemplates an `agreement' between the state and the defendant which is approved by the court. See Fla. R.Crim. P. 3.171. Here, the plea was not entered pursuant to a plea agreement. Therefore, it was error for the trial court to depart from the guidelines on this basis.").
NOTES
[1] See Fla. R.App. P. 9.140(c)(1)(J)(authorizing the State to appeal an order imposing an unlawful or illegal sentence, or imposing a sentence outside the range permitted by sentencing guidelines).
[2] §§ 794.011(2); 800.04(5), Fla. Stat. (2001).
[3] Upon remand, we direct the court's attention to the fact that the only sentence that can be imposed for a conviction on capital sexual battery is life imprisonment with a minimum mandatory of twenty five years. See Wilson v. State, 630 So.2d 1186 (Fla. 5th DCA 1994).
[1] Obviously, as the majority opinion points out, the minimum sentence for the offense of capital sex battery is life and is not subject to the guidelines. Therefore, this offense was not included in the scoresheet.