BLANC, PETER D., Associate Judge.
 

 The state appeals a sentencing order imposing a legal sentence and argues that
 
 *369
 
 the trial court improperly initiated plea negotiations with the defendant, John McMahon, and also refused to conduct a hearing on the defendant’s habitual felony offender status over the state’s objection. Although the record below supports both claims, we dismiss, finding that a sentencing order imposing a legal sentence is not an order appealable by the state.
 

 The defendant was charged with possession of cocaine, possession of drug paraphernalia, and grand theft. The state filed a notice of intent to seek a habitual felony offender sentence. During a hearing, the trial court advised the defendant, “You can have the bottom of the guidelines today. I won’t habitualize him if he wants that today. If [he] doesn’t, he takes his chances down the road.” The state objected, arguing that it was entitled to a hearing on the defendant’s status as a habitual felony offender. The defendant accepted the plea, and he was sentenced within the guidelines to eighteen months in prison.
 

 The Florida Supreme Court has admonished that a “trial court must not initiate a plea dialogue; rather, at its discretion, it may (but is not required to) participate in such discussions upon request of a party.”
 
 State v. Warner,
 
 762 So.2d 507, 513 (Fla.2000). Once the trial court has been invited to participate, it may “actively discuss potential sentences and comment on proposed plea agreements.”
 
 Id.
 
 at 514. Although it is improper for a trial court to initiate a plea discussion, neither Florida Rule of Appellate Procedure 9.140(c) nor section 924.07, Florida Statutes (2009), authorizes the state to appeal court-initiated plea agreements. Further, this court held in
 
 State v. Figueroa,
 
 728 So.2d 787 (Fla. 4th DCA 1999), that the state could not appeal a sentencing order imposing a legal sentence after the trial court advised the defendant that it would withhold adjudication of guilt and place the defendant on probation if the defendant pled guilty to the crimes charged.
 
 Id.
 
 at 787. This court determined that a trial court’s initiation of plea discussions does not render an otherwise legal sentence “illegal” for purposes of a state appeal under Florida Rule of Appellate Procedure 9.140(c) or section 924.07.
 
 Id.
 
 at 788; see
 
 also State v. Hewitt,
 
 702 So.2d 633, 634-35 (Fla. 1st DCA 1997) (holding that the state does not have the right to appeal a sentencing order that imposes a legal sentence that does not constitute a downward departure even though the trial court initiated its own plea agreement with the defendant).
 

 In the instant case, the trial court initiated plea discussions with the defendant without invitation of either party and over the state’s objection that it was entitled to a hearing on the defendant’s status as a habitual felony offender. Although the court-initiated plea negotiation was improper under the standard espoused in
 
 Warner,
 
 the sentence of eighteen months in prison was within the sentencing guidelines and ultimately a legal sentence. Thus, the sentencing order is not appealable by the state according to this court’s holding in
 
 Figueroa.
 

 [1]
 

 We acknowledge that the Fifth District reached a contrary conclusion in
 
 State v. Chaves-Mendez,
 
 809 So.2d 910, 910-11 (Fla. 5th DCA 2002) (“The trial court’s initiation of plea negotiations with the defendant was
 
 per se
 
 reversible error.”). The majority opinion in
 
 Chaves-Mendez
 
 does not discuss whether the sen
 
 *370
 
 tence was a legal sentence; however, the concurring opinion explains that the sentence was a downward departure from the sentencing guidelines.
 
 Id.
 
 Although
 
 Chaves-Mendez
 
 appears to be factually distinguishable from the instant case because it dealt with a downward departure sentence, the opinion itself did not make that distinction, so we certify conflict with the majority’s decision.
 

 We also conclude that the trial court’s failure to conduct a hearing on the defendant’s habitual felony offender status is not an appealable issue for the state. In
 
 State v. Hewitt,
 
 21 So.3d 914 (Fla. 4th DCA 2009), this court recently held that it lacked subject matter jurisdiction to review a trial court’s failure to conduct a hearing or make written or oral findings on the defendant’s habitual felony offender status because the sentence ultimately imposed was a legal sentence. As discussed above, the sentence imposed by the trial court in the instant case was within the sentencing guidelines and, therefore, legal. Accordingly, the sentencing order is not appealable by the state, and this appeal must be dismissed.
 

 Dismissed.
 

 TAYLOR and CIKLIN, JJ., concur.
 

 [1]
 

 . We recognize the tension between the holdings in
 
 Warner
 
 and
 
 Figueroa. Warner
 
 stands for the proposition that the trial court should never initiate plea discussions without invitation by the parties. However, unlike
 
 Figueroa
 
 and the instant case, the sentence in
 
 Warner
 
 was a downward departure from the guidelines.
 
 Warner
 
 did not overrule
 
 Figueroa
 
 presumably because the sentence in
 
 Figueroa
 
 was not a downward departure. Thus,
 
 Figueroa
 
 is still applicable to the state’s appeal of a court-initiated plea imposing a guidelines sentence.