LABARGA, J.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in State v. McMahon, 47 So.3d 368 (Fla. 4th DCA 2010). The district court certified that its decision is in direct conflict with the decision of the Fifth District Court of Appeal in State v. Chaves-Mendez, 809 So.2d 910 (Fla. 5th DCA 2002), on a question of law. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. The conflict issue concerns whether the State is authorized under section 924.07, Florida Statutes (2009), to appeal a sentence that is otherwise legal on the ground that the trial court improperly initiated a plea dialogue with a defendant without invitation of either party. For the *470 reasons set forth herein, we approve the result reached by the Fourth District in McMahon, and we disapprove the decision of the Fifth District in Chaves-Mendez.
FACTS AND PROCEDURAL HISTORY
McMahon was charged with possession of cocaine, possession of drug paraphernalia, and grand theft. McMahon, 47 So.Sd at 369. A hearing was held at which McMahon’s counsel advised the court that he hoped to resolve the case at the hearing, and further advised the court that McMahon “scores 18 months at the bottom.” The court agreed that it would be a good idea to resolve the case and, after inquiring about prior convictions, informed McMahon that if he entered a plea at that time, the court would not “habitualize” him if he wanted a sentence of eighteen months. The State had previously filed a notice of intent to seek a habitual felony offender sentence, and objected on the ground that it was entitled to a habitual offender hearing. See id. McMahon was allowed to enter a guilty plea and was sentenced to eighteen months, which was the minimum sentence indicated on the Criminal Punishment Code sentencing scoresheet. See id.
The State subsequently appealed the sentence to the Fourth District Court of Appeal, contending that the trial court improperly initiated plea negotiations with McMahon and failed to conduct a hearing on McMahon’s habitual felony offender (HFO) status despite the State’s objection. See id. The district court dismissed the appeal, holding that the State cannot appeal the sentence imposed on McMahon even though the district court agreed that the trial court improperly initiated plea discussions with the defendant. McMahon, 47 So.3d at 369-70. The court noted that neither section 924.07, Florida Statutes (2009), which sets forth the specific circumstances under which the State may take an appeal in a criminal case, nor Florida Rule of Appellate Procedure 9.140(c) authorizes the State to appeal from a sentence on the ground that the trial court improperly initiated a plea dialogue. See 47 So.3d at 369. The district court reasoned that although those provisions authorize the State to appeal a sentence on the ground that it is illegal, the sentence imposed on McMahon was not appealable by the State because it fell within the sentencing guidelines and was therefore legal. Id.[1]
With regard to the issue of improper court-initiated plea discussions, the Fourth District cited this Court’s decision in State v. Warner, 762 So.2d 507 (Fla.2000), in which we held that a “trial court must not initiate a plea dialogue; rather, at its discretion, it may (but is not required to) participate in such discussions upon request of a party.” McMahon, 47 So.3d at 369 (quoting Warner, 762 So.2d at 513). The district court held that despite the impropriety of what it concluded was a court-initiated plea negotiation with McMahon, the State was not authorized to appeal the sentence resulting from that plea negotiation. McMahon, 47 So.3d at 369. To support its conclusion, the Fourth District relied in part on its prior decision in State v. Figueroa, 728 So.2d 787 (Fla. 4th DCA 1999), which held that “a trial court’s initiation of plea discussions does not render an otherwise legal sentence ‘illegal’ for purposes of a state appeal” under section 924.07 or rule 9.140(c). McMahon, 47 So.3d at 369 (citing Figuer *471 oa, 728 So.2d at 788). It is on this point that the district court certified conflict with the Fifth District’s decision in Chaves-Mendez, which held in a State appeal that a court-initiated plea negotiation with a defendant constituted per se reversible error. See id. (quoting Chaves-Men-dez, 809 So.2d at 910-11).
With regard to the State’s second claim, the Fourth District similarly concluded that because the eighteen-month sentence was legal, the trial court’s refusal to conduct a hearing on McMahon’s habitual felony offender status was also not an appeal-able issue under the statute authorizing State appeals in criminal cases. See McMahon, 47 So.3d at 370. Based on the foregoing, the district court dismissed the State’s appeal. See id. We turn next to the decision certified by the Fourth District to be in express and direct conflict.
Certified Conflict
The Fourth District certified conflict with State v. Chaves-Mendez, which held that a court-initiated plea negotiation with the defendant was per se reversible error. In Chaves-Mendez, the Fifth District set forth the facts in that case as follows.
The defendant was charged by two count information with committing the crimes of capital sexual battery on a person less than 12 years of age, and lewd and lascivious molestation. When the case was called for trial, the trial court sua sponte initiated plea negotiations with the defendant. This negotiation contemplated that, in exchange for the defendant’s agreement to enter a plea of nolo contendere to both charges, the trial court would impose a sentence of probation. Over the objection of the State and the victim’s family, the defendant accepted the trial court’s plea offer. Thereafter, the trial court entered judgment on the defendant’s plea and sentenced him accordingly.
Chaves-Mendez, 809 So.2d at 910 (footnote omitted). The State appealed the sentences in Chaves-Mendez to the Fifth District Court of Appeal, contending that the sentences were illegal because the trial court erred in initiating plea negotiations with the defendant. See id. The Fifth District agreed with the State, holding that “[t]he trial court’s initiation of plea negotiations with the defendant was per se reversible error.” Id. In reaching this holding, the district court relied on this Court’s decision in Warner, which was a state appeal from an invalid downward departure sentence. The Fifth District in Chaves-Mendez, noting that Warner held that the trial court must not initiate a plea dialogue with a defendant, reversed the sentences because the trial court impermissibly initiated plea negotiations with Chaves-Men-dez. See Chaves-Mendez, 809 So.2d at 910-11.
Although Chaves-Mendez can be distinguished from McMahon, in part, on the basis that the sentence in Chaves-Mendez was apparently an improper downward departure sentence, see Chaves-Mendez, 809 So.2d at 911 (Sawaya, J., concurring and concurring specially), that fact is not apparent in the majority opinion. The majority opinion in Chaves-Mendez conflicts with McMahon in that Chaves-Mendez allowed a State appeal on the claim that the trial court improperly initiated a plea dialogue whereas McMahon did not. Moreover, by holding such an error to be per se reversible, Chaves-Mendez misapplied our decision in Warner wherein we made clear that error by the trial court in improperly initiating a plea dialogue is subject to harmless error analysis. See Warner, 762 So.2d at 515 n. 14.[2]
*472 To resolve the conflict presented in this case — whether the State may appeal a sentence that is otherwise legal on the ground that the trial court improperly initiated a plea dialogue with a defendant — we begin by addressing the State’s right to appeal in a criminal case.
ANALYSIS
“The State’s right to appeal in a criminal case must be ‘expressly conferred by statute.’” Exposito v. State, 891 So.2d 525, 527 (Fla.2004) (quoting Ramos v. State, 505 So.2d 418, 421 (Fla.1987)). The State’s authority to appeal a criminal case is set forth in sections 924.07 and 924.071, Florida Statutes (2009).[3] Section 924.07(1), Florida Statutes (2009), authorizes the State to appeal in a criminal case in the following circumstances:
(1) The state may appeal from:
(a) An order dismissing an indictment or information or any count thereof or dismissing an affidavit charging the commission of a criminal offense, the violation of probation, the violation of community control, or the violation of any supervised correctional release.
(b) An order granting a new trial.
(e)An order arresting judgment.
(d) A ruling on a question of law when the defendant is convicted and appeals from the judgment. Once the state’s cross-appeal is instituted, the appellate court shall review and rule upon the question raised by the state regardless of the disposition of the defendant’s appeal.
(e) The sentence, on the ground that it is illegal.
(f) A judgment discharging a prisoner on habeas corpus.
(g) An order adjudicating a defendant insane under the Florida Rules of Criminal Procedure.
(h) All other pretrial orders, except that it may not take more than one appeal under this subsection in any case.
(i) A sentence imposed below the lowest permissible sentence established by the Criminal Punishment Code under chapter 921.
(j) A ruling granting a motion for judgment of acquittal after a jury verdict.
(k) An order denying restitution under s. 755.089.
(l) An order or ruling suppressing evidence or evidence in limine at trial.
(m) An order withholding adjudication of guilt in violation of s. 775.08435.
(2) An appeal under this section must embody all assignments of error in each pretrial order that the state seeks to have reviewed. The state shall pay all costs of the appeal except for the defendant’s attorne/s fee.
§ 924.07, Fla. Stat. (2008) (emphasis added). These limitations on the State’s right to appeal in a criminal case are not new; the State’s right to appeal in criminal cases historically has been extremely limited. See, e.g., State v. Burns, 18 Fla. 185 (1881). Statutes such as section 924.07 “which afford the government the right to appeal in criminal cases should be construed narrowly.” Exposito, 891 So.2d at 528 (quoting State v. Jones, 488 So.2d 527, 528 (Fla.1986)). Further, the Court “must give the ‘statutory language its plain and ordinary meaning.’ ” Id. (quoting Seagrave v. State, 802 So.2d 281, 286 (Fla.2001)).
We are also mindful that in giving effect to the unambiguous text of a statute, *473 courts may not extend, modify, or limit the statute’s express terms or its reasonable or obvious implications because “[t]o do so would be an abrogation of legislative power.” See Hill v. Davis, 70 So.3d 572, 575 (Fla.2011) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)). Therefore, we are not at liberty to judicially modify the authorizing statute to extend to the State authority to appeal a sentence based on any grounds other than those specifically specified by the Legislature.
Florida Rule of Appellate Procedure 9.140(c), which serves as the procedural counterpart to section 924.07, Florida Statutes, lists the same types of orders that the State may appeal in a criminal case. See Fla. R.App. P. 9.140(c)(1). Subdivision (c)(l)(M) of the rule provides that the State may appeal an order “imposing an unlawful or illegal sentence or imposing a sentence outside the range permitted by the sentencing guidelines.” Fla. R.App. P. 9.140(c)(l)(M). In this case, the conflict question concerns whether the sentence imposed on McMahon is illegal and thus appealable by the State, if in fact the trial court initiated plea negotiations with the defendant without invitation of any party. Thus, we next discuss our precedent concerning trial court-initiated plea negotiations.
In 1975, this Court addressed judicial involvement in plea negotiations in Davis v. State, 308 So.2d 27 (Fla.1975). We refrained in Davis from condemning all judicial participation in the plea bargaining process because of our confidence that trial judges would “take all necessary precautions to assure that the defendant’s rights are protected by appropriate safeguards.” Davis, 308 So.2d at 29. Some twenty-five years later, in State v. Warner, 762 So.2d 507 (Fla.2000), we considered whether a sentence is “per se invalid where the trial court, over the State’s objection, advises a defendant regarding what sentence would be imposed pursuant to a plea of guilty, and accepts the defendant’s subsequent guilty plea.” Id. at 509.[4] We acknowledged various advantages of judicial participation in plea discussions, and noted that “[t]he principles of separation of powers, accountability in government and impartiality in judicial administration are inconsistent with the extensive delegation of judicial power to prosecutors that today’s guilty plea system has wrought.” Warner, 762 So.2d at 512 (quoting Albert W. Al-schuler, The Trial Judge's Role in Plea Bargaining, 76 Colum. L.Rev. 1060, 1129 (1976)). “[Ojther identified advantages are directness (it provides a firm basis for reliance on a plea); simplicity (it involves a single step); decorum (it provides a formal courtroom atmosphere, as contrasted with the informality of the current process); and procedural uniformity (it provides a forum for the implementation of uniform safeguards).” Warner, 762 So.2d at 513.
We also took note of various concerns inherent in judicial involvement in the plea bargaining process, stating:
Many of the concerns repeatedly expressed (such as the defendant’s perception of coercion, the defendant’s fear of reprisal if a plea offer is rejected, the undermined use of presentence investigation reports and victim input, the illusory nature of a bargained-for sentence, and — where the bartered-for sentence will not be imposed — the potential “dis *474 crediting” of a subsequent assertion of innocence upon withdrawal of the guilty plea) are inherent in the plea bargaining model itself, but may be magnified when the powerful “neutral” in the system becomes embroiled in the negotiation process.
Warner, 762 So.2d at 511.
In the end, we resolved the competing approaches — proscription of judicial participation, active judicial participation, or limited judicial involvement — in the plea bargaining process by allowing judicial involvement under certain circumstances and with certain procedural safeguards patterned after the model adopted by the Michigan Supreme Court in People v. Cobbs, 443 Mich. 276, 505 N.W.2d 208 (1993). See Warner, 762 So.2d at 513. We set forth these safeguards “‘to minimize the potential coercive effect on the defendant, to retain the function of the judge as a neutral arbiter, and to preserve the public perception of the judge as an impartial dispenser of justice.’ ” Id. (quoting Cobbs, 505 N.W.2d at 212).[5] We held that “[o]nce involved, the court may actively discuss potential sentences and comment on proposed plea agreements.” Warner, 762 So.2d at 514. The judge may also “state on the record the length of sentence which, on the basis of information then available to the judge, appears to be appropriate for the charged offense.” Id.
The limitation imposed on judicial involvement in plea bargaining that is at the center of the instant legal conflict in this case is that “[t]he trial court must not initiate a plea dialogue; rather, at its discretion, it may (but is not required to) participate in such discussions upon request of a party.” Warner, 762 So.2d at 513. After setting forth the various limitations imposed prospectively on judicial participation in plea discussions, we announced in Warner that a harmless error analysis would apply to appeals based upon claims of improper judicial involvement in the plea bargaining process. See Warner, 762 So.2d at 515 n. 14. Thus, we rejected the proposition that judicial involvement in a plea dialogue renders the plea per se invalid. See id.
In spite of our statement in Warner that a harmless error analysis would apply to claims of improper court-initiated plea negotiations, Warner, 762 So.2d at 515 n. 14, the Chaves-Mendez court expressly held that “[t]he trial court’s initiation of plea negotiations with the defendant was per se reversible error.” Chaves-Mendez, 809 So.2d at 910. For this reason, the decision in Chaves-Men-dez is disapproved to the extent that it holds that it is per se reversible error when the trial court improperly initiates a plea dialogue without invitation of a party.[6] *475 We further hold that an otherwise legal sentence resulting from such a plea dialogue is not rendered illegal for purposes of appeal by the State where an improper court-initiated plea dialogue does occur. Section 924.07 does not provide for such an appeal and we cannot modify or extend the statute by reading that authorization into the statute. Thus, the Fourth District in the instant case correctly determined that the State was not authorized by statute to appeal from an otherwise legal sentence that is imposed after a plea dialogue, even if that plea dialogue is initiated by the trial court.
Accordingly, we resolve the conflict issue by approving the result reached in the decision of the district court below dismissing the State’s appeal; and we disapprove the decision in Chaves-Mendez to the extent it holds that a sentence resulting from an improperly court-initiated plea dialogue is per se reversible.
THIS CASE
Although we approve the result reached by the Fourth District below, we must clarify that the record in this case does not support the district court’s conclusion that the trial court improperly initiated the plea dialogue in this case. The following exchanges occurred at the sentencing hearing:
MS. BERMAN (the prosecutor): Your honor, may I approach?
THE COURT: Yes.
MS. BERMAN: On the new case, the state’s notice of HOQ [referring to habitual offender qualification].
THE COURT: Okay. Well.
MR. LEWIS (defense counsel): We are very hopeful to resolve this case this morning.
THE COURT: That might be a good idea, if you did.
MR. LEWIS: That is what I’m thinking. He scores 18 months at the bottom. These cases, Judge, are I think a one rock case or something, Cocaine case, and the grand theft case is he had somebody else in the car who picked up an old power washer that I seriously doubt was worth over two hundred dollars.
THE COURT: State, what are you looking for? What kind of priors does he have?
MR. LEWIS: He has a lot of drug offenses and a couple property crimes.
MS. BERMAN: Cocaine possession, burglary dwelling, grand theft, grand theft auto, possess hydrocodone, fraud.
THE COURT: Scores 18 months?
MR. HILLSTROM (the State): On the bottom.
THE COURT: You can have the bottom of the guidelines today. I won’t habitualize him if he wants that today. If [he] doesn’t, he takes his chances down the road.
MR. LEWIS: He is happy to take it.
THE COURT: All right. Get a plea form.
MR. HILLSTROM: Your Honor, for the record, the state would be objecting. We are entitled to a hearing on a HOQ.
THE COURT: Understood. Your objection is noted. I need two separate plea forms.
MR. HILLSTROM: Before you take the plea, the state again would be requesting a hearing on the HOQ.
THE COURT: Okay. I will just say this, I said it before, for record purposes, my understanding of the law is whether I find him to be a habitual offender is discretionary with the court, even if you put on sufficient evidence to *476 indicate he is a habitual offender, it would still be discretionary with the court. And as I have indicated, if Mr. McMahon wants to enter his plea here today, I would exercise my discretion and sentence him as a regular offender, not as a habitual offender.
MS. BERMAN: Noted, Your Honor.
THE COURT: Okay. But I will accept your objection for the record.
MS. BERMAN. Thank you, Your Honor.
THE COURT: All right. Are you ready [to] proceed other than that.
MS. BERMAN: Yes, Your Honor.
[[Image here]]
THE COURT: The minimum or least restrictive sentence you could receive under the guidelines is 18 months in Florida State Prison; do you understand that?
THE WITNESS: Yes, Your Honor.
THE COURT: My offer to you today, this is an open plea to the court, my offer to you was that if you wanted to plead to all of these charges here today, I would sentence you to the bottom of the guidelines, which is 18 months in Florida State Prison. Was that your understanding of my offer?
THE WITNESS: Yes, Your Honor.
THE COURT: Was that an offer you wish to accept?
THE WITNESS: Yes, Your Honor.
THE COURT: Mr. Lewis, was that your understanding of my offer?
MR. LEWIS: Yes, sir.
THE COURT: And State, I’m doing this over your objection?
MS. BERMAN: Yes, Your Honor.
THE COURT: It is nonetheless a legal sentence ?
MS. BERMAN: Yes, Your Honor. (Emphasis added.) McMahon was then allowed to enter a guilty plea to the charges and was sentenced to eighteen months.
The record reflects that defense counsel in this case actually initiated the trial court’s participation in the plea dialogue. Consistent with our decision in Warner, the trial court was then permitted to discuss potential sentences. See Warner, 762 So.2d at 514 (“Once involved, the court may actively discuss potential sentences and comment on proposed plea agreements.”). Moreover, this colloquy reflects none of the coercive effects that we sought to avoid by the limitations we imposed in Warner.
We also note that, even if the State had a statutorily authorized ground to appeal the sentence, the State failed to preserve an objection to an improper court-initiated plea dialogue in this case. The State preserved only its objection to the trial court’s refusal to hold a habitual felony offender (HFO) hearing before sentencing the defendant. The State is correct that under section 775.084(4)(f), Florida Statutes (2008), “[a]t any time when it appears to the court that the defendant is eligible for [HFO] sentencing under this section, the court shall make the determination as provided in paragraph (3)(a).” § 775.084(4)(f), Fla. Stat. (2008). Section 775.084(3)(a) provides that “[i]n a separate proceeding, the court shall determine if the defendant is a habitual felony offender.” § 775.084(3)(a), Fla. Stat. (2008). When such a hearing is held and the defendant is found to qualify for HFO sentencing, the trial court must sentence the defendant as a habitual felony offender unless the court finds that such sentence is not necessary for the protection of the public. Such a finding must then be provided in writing. See § 775.084(3)(a), Fla. Stat. (2008).
Section 775.084 requires the trial court to hold the HFO hearing, and we in no way condone a trial court’s disregard of *477 the statutory procedure. However, the question is whether this is simply an error in the sentencing process for which the State is not authorized to appeal or whether the error renders the sentence “illegal” thus qualifying under section 924.07 for a State appeal. The district court held below:
[T]he trial court’s failure to conduct a hearing on the defendant’s habitual felony offender status is not an appealable issue for the state. ... As discussed above, the sentence imposed by the trial court in the instant case was within the sentencing guidelines and, therefore, legal. Accordingly, the sentencing order is not appealable by the state, and this appeal must be dismissed.
McMahon, 47 So.3d at 370 (citing State v. Hewitt, 21 So.3d 914 (Fla. 4th DCA 2009)). We agree. The sentence imposed in this case was within the range determined by the sentencing scoresheet. An illegal sentence has generally been defined as “one that imposes a punishment or penalty that no judge under the entire body of sentencing statutes and laws could impose under any set of factual circumstances.” State v. Akins, 69 So.3d 261, 268-69 (Fla.2011) (quoting Williams v. State, 957 So.2d 600, 602 (Fla.2007)); see also Jackson v. State, 983 So.2d 562, 574 (Fla.2008) (same).[7] Because the sentence imposed in this case was within the range established by the sentencing scoresheet, and because the trial court was not mandated to impose an HFO sentence even if a hearing had been held and McMahon was proven to qualify, the sentence in this case is not “illegal.”
Most importantly, neither section 775.084 nor section 924.07 provides for a State appeal from a sentence imposed after the trial court denies a request for an HFO hearing. Accordingly, we hold that the trial court’s procedural error in disregarding the mandates of the habitual felony offender statute do not render McMahon’s sentence illegal or otherwise appealable by the State under section 924.07, Florida Statutes. For this reason, and because we also conclude that the State was not authorized to appeal the sentence on the ground that the trial court improperly initiated a plea dialogue in this case, we approve the result reached by the Fourth District in its decision below.
CONCLUSION
Based on the foregoing, we approve the result reached in the decision of the Fourth District in State v. McMahon, 47 So.3d 368 (Fla. 4th DCA 2010), and we disapprove the decision of the Fifth District Court of Appeal in State v. Chaves-Mendez, 809 So.2d 910 (Fla. 5th DCA 2002), to the extent that it holds that it is per se reversible error when the trial court improperly initiates a plea dialogue without invitation of a party.
It is so ordered.
PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
PARIENTE, J., concurring with an opinion, in which LABARGA and PERRY, JJ., concur.
CANADY, C.J., dissents with an opinion, in which POLSTON, J., concurs.

. This 2009 criminal case was governed by the Criminal Punishment Code (CPC), and as we noted in Jackson v. State, 64 So.3d 90, 91 n. 1 (Fla.2011), courts throughout the state continue to use the phrase "sentencing guidelines” when clearly referring to sentencing under the current CPC.

. "Misapplication of our precedent provides a basis for express and direct conflict jurisdiction.” Fla. Ins. Guar. Ass'n, Inc. v. Devon Neighborhood Ass'n, Inc., 67 So.3d 187, 189 n. 1 (Fla.2011) (citing Wallace v. Dean, 3 So.3d 1035, 1040 (Fla.2009); Rosen v. Fla. *472 Ins. Guar. Ass'n, 802 So.2d 291, 292 (Fla.2001)).

. The grounds for appeal by the State set forth in section 924.071, Florida Statutes (2009), are not applicable in this case. Section 924.071 provides for state appeals from certain pretrial orders and delineates when a stay is applicable during such appeal.

. We described Warner as a “refinement of Davis ” in our decision in Wilson v. State, 845 So.2d 142, 152 (Fla.2003). The issue in Wilson was whether a presumption of vindictiveness arises in all cases when the trial court has participated in an unsuccessful plea discussion and the defendant subsequently receives a harsher sentence from the same judge after a trial or hearing. Wilson, 845 So.2d at 144. We concluded that it did not. See id., at 159.

. Once involved, the judge may also "consider pre-plea victim input and a pre-plea pre-sentence investigation report prior to suggesting any sentence; however, if victim input will not be received until a later time, the judge must make it clear on the record that the court is required to and will consider any victim input which is offered pursuant to section 921.143, Florida Statutes, prior to making a final determination regarding an appropriate sentence.” Warner, 762 So.2d at 514 (footnote omitted). "To avoid the potential for coercion, a judge must neither state nor imply alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant’s right to trial.” Warner, 162 So.2d at 514. Additionally, although the preliminary evaluation of the case made by the judge is not binding, the defendant who pleads guilty or no contest has an absolute right to withdraw the plea if the judge later determines that a greater sentence must be imposed. See id.

. We do not disapprove of Chaves-Mendez in its entirety because the sentence that was appealed by the State in Chaves-Mendez was an improper downward departure sentence. See Chaves-Mendez, 809 So.2d at 910 (Sawa-ya, J., concurring and concurring specially). *475 Such a sentence is clearly appealable by the State. See § 924.07(l)(i), Fla. Stat. (2009).

. We recognize that this definition of "illegal sentence" was stated in the context of an appeal from a defendant’s motion to correct an illegal sentence. However, we discern no practical or legal rationale that would require application of a different definition when determining if the State is authorized under section 924.07(l)(e) to appeal a "sentence, on the ground that it is illegal.” § 924.07(l)(e), Fla. Stat. (2009).