CANADY, C.J.,
dissenting.
I dissent from the majority’s decision to approve the result reached by the Fourth District in State v. McMahon, 47 So.3d 368 (Fla. 4th DCA 2010). I would quash McMahon on the ground that the Fourth District erred in denying the State’s right to appeal the sentence imposed by the trial court where the sentence was imposed in violation of the express requirements of the habitual felony offender (HFO) statute.
Section 924.07(l)(e), Florida Statutes (2009), unambiguously authorizes the State to appeal from a criminal “sentence, on the ground that it is illegal.” The majority states that “the Court ‘must give the statutory language its plain and ordinary meaning,’ ” majority op. at 472 (quoting Exposito v. State, 891 So.2d 525, 528 (Fla.2004)), but then proceeds to give no consideration *479 to the “plain and ordinary meaning” of the statute. The meaning of the statute at issue here is both obvious and simple. Illegal means “contrary to, or forbidden by, law.” 7 The Oxford English Dictionary 652 (2d ed. 1989). A criminal sentence which is imposed in violation of a statutory requirement — and thus is “contrary to, or forbidden by, law” — falls within the plain and ordinary meaning of the statute’s reference to a “sentence ... that ... is illegal.”
Here, it is undisputed that the sentence imposed by the trial court was imposed in violation of the provisions of section 775.084(3), Florida Statutes (2008), which governs the imposition of HFO sanctions. Under the statute, when the State seeks HFO sentencing, the sentencing court must conduct a separate proceeding to determine whether the defendant qualifies for HFO status. § 775.084(3)(a), Fla. Stat. (2008). The statute expressly requires that the sentencing court impose an HFO sanction on any qualifying defendant unless the court finds that doing so “is not necessary for the protection of the public” and provides reasons for that finding. § 775.084(3)(a)(6), Fla. Stat. (2008). In sentencing McMahon, the trial court — over the State’s objection — failed to conduct the required separate proceeding. And, although it is undisputed that McMahon qualified for HFO status, the trial court failed to make the statutorily required finding that the imposition of an HFO sanction was “not necessary for the protection of the public.” The trial court thus imposed sentence on McMahon in violation of the unambiguous requirements of section 775.084(3)(a).
Rather than applying the plain and ordinary meaning of section 924.07(l)(e), the majority applies the meaning of a term of art — such as it is — developed in a legal setting wholly inapposite to the statutory context of section 924.07. The majority thereby imposes a restriction on the State’s right of appeal that does violence to the unambiguous meaning of the statute authorizing appeals with respect to any “sentence, on the ground that it is illegal.” By denying the State the right to appeal the sentence imposed in lawless disregard of the requirements of the HFO statute, the majority also does violence to the HFO statute.
The majority states that “[a]n illegal sentence has generally been defined as ‘one that imposes a punishment or penalty that no judge under the entire body of sentencing statutes and laws could impose under any set of factual circumstances.’ ” Majority op. at 477 (quoting State v. Akins, 69 So.3d 261, 268-69 (Fla.2011)). The majority recognizes “that this definition of ‘illegal sentence’ was stated in the context of an appeal from a defendant’s motion to correct an illegal sentence.” Majority op. at 477 n. 7. Despite the recognition that this definition of “illegal sentence” has been applied in the context of Florida Rule of Criminal Procedure 3.800, the majority states that it can “discern no practical or legal rationale that would require application of a different definition when determining if the State is authorized under section 924.07(l)(e) to appeal a ‘sentence, on the ground that it is illegal.’ ” Id. (quoting § 924.07(l)(e), Fla. Stat. (2009)).
But the different context of a direct appeal as opposed to a postconviction proceeding is of great significance, both legally and practically. Our case law makes clear that the definition of “illegal sentence” relied on by the majority to limit the State’s right of appeal is a definition that diverges from the plain meaning of illegal sentence based on considerations that are unique to the postconviction context. It makes no legal or practical sense *480 to wrench that definition out of the post-conviction context and apply it here.
The definition of “illegal sentence” under rule 3.800, which is employed by the majority here, is derived from a formulation first articulated by Judge Farmer in Blakley v. State, 746 So.2d 1182, 1187 (Fla. 4th DCA 1999). In Carter v. State, 786 So.2d 1173 (Fla.2001), we expressly approved this definition “because it comes close to formulating a workable definition of ‘illegal’ sentence.” 786 So.2d at 1181. We went on to observe “that it would be more helpful to provide a predictive description of the types of sentencing errors that may be corrected as illegal, rather than relying on a somewhat elusive definition of ‘illegal sentence.’ ” Id. It is not necessary, nor would it be useful, to recount the rather complex history of the efforts of the Florida courts to assign meaning to the term “illegal sentence” in the postconviction rule provision which first became effective in 1968. Suffice it to say, our definition of “illegal sentence” has been a moving target. The lurching about in the case law to find a workable definition of “illegal sentence” has been driven entirely by considerations which apply in the postconviction context but do not apply in the context of a direct appeal. A brief examination of our decision in Carter makes this plain.
In Carter, we discussed at some length the “[ejvolving [djefinition of [illegal [sentence” in our case law. 786 So.2d at 1176-78. In the course of this discussion, we stated:
Rule 3.800(a) is intended to balance the need for finality of convictions and sentences with the goal of ensuring that criminal defendants do not serve sentences imposed contrary to the requirements of law. Thus, over the past several years, this Court has attempted to formulate a workable definition of what type of sentences should be considered “illegal” for purposes of rule 3.800(a).
Id. at 1176 (emphasis added). We thus recognized that a sentence “imposed contrary to the requirements of law” might not be treated as an “illegal sentence” under the postconviction rule. In adopting Judge Farmer’s definitional formulation, we stated that “[w]e continue to refine our definition of ‘illegal sentence’ in an attempt to strike the proper balance between concerns for finality and concerns for fundamental fairness in sentencing.” Id. at 1178 (emphasis added); see also State v. McBride, 848 So.2d 287, 289 (Fla.2003).
In reality, the judicial definition of “illegal sentence” has hardly provided definitive guidance for determining the scope of errors for which relief is available under rule 3.800(a). The case law addressing when relief is available for an illegal sentence under rule 3.800(a) constitutes a series of ad hoc policy determinations that cannot be explained by the judicial definition. This is vividly illustrated by our decision in Saintelien v. State, 990 So.2d 494 (Fla.2008), in which we held “that a rule 3.800(a) motion to correct an illegal sentence may be used to challenge a sexual predator designation ... where it is apparent from the face of the record that the defendant did not meet the criteria for designation as a sexual predator.” 990 So.2d at 495. In Saintelien, the majority made no reference to the judicial definition of “illegal sentence” and expressed agreement with the view that “it doesn’t much matter that a sexual predator designation is not a sentence or a punishment.” Id. at 496 (quoting Nicholson v. State, 846 So.2d 1217, 1219 (Fla. 5th DCA 2003)). So it is that illegal-sentence relief is available even for an error that is not an error with respect to a sentence.
The statutory provision granting the State the right to appeal a “sentence, on *481 the ground that it is illegal” was initially enacted in 1939. Ch. 19554, Laws of Fla. (1939). The majority articulates no reason — much less any persuasive reason— that the plain meaning of the statutory text should be defeated by the judicial definition of “illegal sentence” under the postconviction rule that first became effective in 1968. The definition relied on by the majority is a term of art that we have expressly recognized arose from our efforts “to formulate a workable definition of what type of sentences should be considered ‘illegal’ for purposes of rule 3.800(a).” Carter, 786 So.2d at 1176 (emphasis added). The policy considerations which un-dergird this judicial definition — which lead to the conclusion the interest in finality requires that certain errors with respect to a sentence are not correctable by postcon-viction relief — have no application in the context of direct appeals by the State under section 924.07(l)(e). Under the plain meaning of that statute, the State has the right to appeal the sentence that was imposed on McMahon in violation of the requirements of law.
McMahon’s sentence should be reversed, and the case should be remanded for a sentencing proceeding that complies with the requirements of the HFO statute.
POLSTON, J., concurs.