LAGOA, J.
(specially concurring).
While I concur with the result reached by the majority, I write separately to address both the issues raised by the State’s position in this appeal, and what I believe is the basis for reversal and remand — the trial court’s lack of jurisdiction to “correct” Santiago’s illegal sentence to provide for a non-mandatory designation as a habitual violent felony offender.
Santiago was charged with armed robbery with a deadly weapon and aggravated *1060 battery. After a jury trial, he was found guilty of the lesser included offense of armed robbery without a deadly weapon and simple battery. On June 30, 2009, the trial court sentenced Santiago to life in prison. Both parties agree that this was an illegal sentence, and that the maximum sentence Santiago could have received was thirty years.
On July 8, 2009, the state orally moved to correct the sentence, apparently to show that Santiago should have been sentenced as a habitual violent felony offender.[5] Indeed, a review of the record shows that when the State returned to the trial court on July 8, 2009, it was in order to attempt to establish (for a second time)[6] that Santiago qualified as a habitual violent felony offender, and not to correct Santiago’s sentence because it exceeded the statutory maximum.
At the beginning of the July 8th hearing, the trial court stated as follows: “All right, Mr. Santiago, I know that [defense attorney] has explained why we’re back. It was my omission to check to see that you were really an HVO, and I just can’t take that for granted.” After finding that Santiago had been notified of the State’s intention to seek enhancement and that he had the necessary qualifying prior conviction, the trial court “resentenced” Santiago to life as a habitual violent felony offender. The July 8th written sentencing order states that the sentence entered on June 30th was “corrected” due to a “clerical error.” This appeal ensued.
Here, it is undisputed that the original June 30th sentence was illegal as it was in excess of the statutory maximum.[7] Pursuant to Rule 9.140(c)(l)(M), Fla. R. App. P., the State may appeal from an order “imposing an unlawful or illegal sentence or imposing a sentence outside the range permitted by the sentencing guidelines.” Moreover, pursuant to section 924.07(l)(e), Florida Statutes, the State may appeal from “[t]he sentence, on the ground that it is illegal.” Because the original sentence of June 30 was illegal, it was appealable by the State. Instead of appealing the June 30th order, however, the State sought relief by attempting to “correct” the sentence before the trial court through an ore terms motion. In its brief, the State attempts to characterize its ore tenus motion before the trial court as one made pursuant to Florida Rule of Criminal Procedure 3.800(a), which provides that “[a] court may at any time correct an illegal sentence imposed by it ... when it is affirmatively alleged that the court records demonstrate on their face an entitlement to relief.” Fla. R. Crim. P. 3.800(a). The record shows, however, that the “correction” the State sought below was not related to the sentence’s illegality — that it exceeded the statutory maximum — but instead to the trial court’s failure to designate Santiago a habitual violent felony offender under section 775.084, Florida Statutes (2006).[8] Be *1061 cause the State did not seek to “correct an illegal sentence,” Rule 3.800(a) is not applicable.
Additionally, although the State may file a motion to correct a sentencing error under Rule 3.800(b), it may only do so when “the correction of the sentencing error would benefit the defendant or to correct a scrivener’s error.” Fla. R. Crim. P. 3.800(b). Neither condition is present here. First, the record shows that when the State returned to the trial court eight days after the original sentencing it was not to reduce Santiago’s sentence to no more than thirty years, but instead to attempt to prove Santiago’s status as a habitual "violent felony offender. This clearly did not benefit Santiago as required by Rule 3.800(b). Second, the original June 30th sentence was not a scrivener’s error that could be corrected by a Rule 3.800(b) motion. Moreover, the trial court’s order describing the July 8th sentence as a correction due to “clerical error” does not make it so, especially where the trial court’s own statements show that the July 8th hearing held for the purpose of addressing Santiago’s status as a habitual violent offender.
Because the trial court did not have jurisdiction to entertain and rule on the State’s ore terms motion to “correct” Santiago’s otherwise illegal sentence to provide for a non-mandatory[9] designation as a habitual violent felony offender pursuant to section 775.084(l)(b), I would reverse on that basis and remand to the trial court to vacate Santiago’s sentence, and resentence Santiago pursuant to section 775.082(3)(b), Florida Statutes (2006).

. The record does not contain a written motion filed by the State that prompted the hearing.

. The trial court did not initially impose a habitual violent felony offender designation because Santiago's attorney claimed not to have been notified of the State’s intention to seek enhancement.

. Illegal sentences include only: “(1) those sentences in excess of the statutory maximum; (2) those sentences that fail to give credit for record jail time; and (3) those sentences that violate double jeopardy by a post sentencing enhancement clear from the record.” Robinson v. State, 757 So.2d 532, 533 (Fla. 4th DCA 2000).

.Indeed had the State sought to challenge the trial court's failure to designate Santiago a habitual violent felony offender, its remedy would not be through a Rule 3.800(a) motion. Cf. State v. McMahon, 94 So.3d 468, 477 (Fla.2012) (holding that trial court's failure to conduct a hearing on defendant’s habitual *1061 felony offender status under section 775.084 did not render a sentence illegal because "the trial court was not mandated to impose an HFO sentence even if a hearing had been held and [the defendant] was proven to qualify").

. Although section 775.084(3)(a), Florida Statutes (2006), provides that "the court shall determine if the defendant is a habitual felony offender or a habitual violent felony offender,” the trial court is "not mandated to impose an HFO sentence.” McMahon, 94 So.3d at 477. See also Clines v. State, 912 So.2d 550 (Fla.2005) (habitual violent felony offender recidivist category is permissive, not mandatory). In this way, the instant case is distinguishable from Dunbar v. State, 89 So.3d 901, 906 (Fla.2012), in which the Supreme Court of Florida held that where the trial court initially pronounced a sentence it had no discretion to impose, it could, later that day and without the parties present, enter a written sentencing order to add nondiscre-tionary minimum mandatory terms. Dunbar, 89 So.3d at 906 ("When a trial court fails to pronounce nondiscretionary sentencing terms, the defendant has no legitimate expectation in the finality of that sentence, at least until the reviewing court has issued a mandate or the time for filing an appeal has run.”) (emphasis added).