CANADY, J.,
dissenting.
I would approve the result reached by the Second District Court of Appeal on the ground that the trial court’s order terminating probation — an order that violates the law — was subject to review and correction under section 924.07(l)(e), Florida Statutes (2011). I therefore dissent from the majority’s decision, which unjustifiably precludes review and correction of the trial court’s erroneous order.
Here — as the Second District cogently explains — the trial court, without any col-orable legal justification, abrogated a valid and binding plea agreement provision that precluded the defendant from seeking early termination of her probation. The trial court’s order granting early termination of the term of the defendant’s probation unlawfully deprives the State of a benefit for which it specifically bargained. But Ms. LaFave retains the benefit she derived from the plea bargain — avoidance of exposure to a lengthy prison sentence after trial. Nothing in the law granted the trial court the discretion to set aside a provision of Ms. LaFave’s valid plea agreement over the objection of the State. The trial court’s decision to permit Ms. LaFave prematurely to walk away from the probationary supervision to which she had agreed and to which she had been sentenced is inconsistent with the requirements of the law. The order illegally curtailed the sanction imposed under the plea agreement. The order should be treated as a “sentence” that is appealable by the State under section 924.07(l)(e) “on the ground that it is illegal.”
The unduly restrictive interpretation contained in our caselaw of the State’s right of appeal under section 924.07(l)(e) flows from a category mistake by which the definition of “illegal sentence” under Florida Rule of Criminal Procedure B.800 is imported into the wholly dissimilar context of section 924.07, and the plain meaning of the statute is thereby cast aside. See State v. McMahon, 94 So.3d 468, 479 (Fla.2012) (Canady, C.J., dissenting). The Court has never provided a plausible explanation for the transposition to the section 924.07 context of the illegal sentence definition developed under rule 3.800.
For the reasons expressed in my dissent in McMahon, I would recede from McMahon. Accordingly, I would restate the certified question as follows:
MAY THE STATE OBTAIN REVIEW OF AN ORDER TERMINATING PROBATION THAT VIOLATES THE PROVISIONS OF A VALID PLEA AGREEMENT EXPRESSLY PROVIDING THAT EARLY TERMINATION OF PROBATION MAY NOT BE SOUGHT BY THE PROBATIONER?
This question should be answered in the affirmative, and the result reached by the Second District should be approved. Failing to uphold the Second District’s correction of the trial court’s error in this case works a miscarriage of justice.
POLSTON, J., concurs.