# Third District Court of Appeal

## State of Florida

Opinion filed November 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2462
Lower Tribunal No. 16-12412

_____

**City of Homestead,**
Appellant/Cross-Appellee,

vs.

**Dr. James Eric McDonough,**
Appellee/Cross-Appellant.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Weiss Serota Helfman Cole & Bierman, P.L. and Edward G. Guedes and Samuel I. Zeskind, for appellant/cross-appellee.

Alan J. Greenstein, P.A. and Alan Greenstein, for appellee/cross-appellant.

Before ROTHENBERG, C.J., and SUAREZ and SALTER, JJ.

SUAREZ, J.

This appeal concerns a public records request propounded by the Appellee/Cross-Appellant Dr. James E. McDonough ("McDonough") on the City

of Homestead ("City") after McDonough had filed a Notice of Intent to File Claim against the City. The City objected to production of the documents requested and, after a hearing, the trial court sustained in part and denied in part the City's objections ordering production of certain documents. The City appeals from that part of the non-final order granting McDonough's request for records. McDonough cross-appeals the trial court's denial in part of his request for records. We affirm in part and reverse in part finding, essentially, that all of the documents requested are privileged and not subject to production pursuant to Chapter 119 or section 768.28 (16)(b), Florida Statutes (2015).

In October 2012, an incident allegedly occurred between McDonough and City of Homestead police officer Murguido while Officer Murguido was off-duty. McDonough filed a Notice of Intent to file a claim against the City. While that Notice of Intent was pending, McDonough filed a complaint against Officer Murguido for defamation, for alleged actions taken while Officer Murguido was off-duty and not acting in his official capacity. The City was not named in that complaint. McDonough then filed a public records request with the City for documents related to the City's decision to defend Officer Murguido in the defamation action and to retain the law firm of Weiss, Serota, Helfman, Cole and Bierman to defend the action. The City responded that the documents requested were exempt from production under Chapter 119, section 768.28(16)(b), and section 90.502, as they contained the impressions of attorneys retained by the City

2

related to the pending Notice of Intent claim, which allegedly arose out of the same October 2012 incident. At the September 2016 hearing on McDonough's records claim, the trial court reviewed the documents in camera and found that the Notice of Intent claim and the Murguido action were inextricably intertwined. The five emails in question were all contained in the City's risk management file. At the end of the proceedings, the trial court determined that of the five email correspondence documents at issue, the City properly claimed Records 1 and 2 as exempt based on the claims file exception in section 768.28(16)(b); the court concluded that although Records 3 and 4 were contained in the risk management file they were not confidential and exempt and ordered the City to produce them. Record 5 was acknowledged in open court by McDonough to be confidential, privileged and exempt. The trial court additionally denied McDonough's claim that the City violated Chapter 119 by failing to produce additional non-exempt responsive records. The City has appealed from that part of the order requiring it to disclose Records 3 and 4; McDonough has cross-appealed from that part of the order determining Records 1 and 2 to be exempt from disclosure.

We disagree with the trial court's determination that Records 3 and 4 are not exempt from disclosure, for two reasons. First, Records 3 and 4 are contained in the City's risk management file and are, pursuant to the plain language of section 768.28(16)(b), exempt from disclosure for that reason alone. Second, there is no statutory exception to that statute that would allow the trial court to require

3

disclosure of some risk management file records and not others based on the court's determination that the records do not compromise the government's risk management analysis or settlement negotiations. In other words, the court cannot find that although the documents are exempt from disclosure based on 768.28(16)(b), they must still be produced because the court finds there is no prejudice in such production.

The record on appeal indicates that the email correspondence documents at issue were generated in July 2015, well after McDonough filed his April 2014 Notice of Intent to the City. Those documents were placed in the City's risk management file prior to McDonough's October 2015 first public records request. The trial court recognized on the record that the claims potentially exposing the City to liability in McDonough's Notice of Intent were inextricably intertwined with McDonough's complaint against Officer Murguido, as both the Notice of Intent and Murguido complaint arose out of the same set of alleged facts and circumstances. The City would necessarily have to evaluate its exposure to liability in its decision to defend Officer Murguido, as well as address any potential and related risk inherent in McDonough's Notice of Intent. As Records 3 and 4 were generated and placed in the City's risk management claims file in response to McDonough's Notice of Intent, those records are, regardless of their content, confidential pursuant to the plain language of section 768.28(16)(b), Florida Statutes (2015). That statute provides,

> Claims files maintained by any risk management program administered by the state, its agencies, and its subdivisions are confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution until termination of all litigation and settlement of all claims arising out of the same incident, although portions of the claims files may remain exempt, as otherwise provided by law. (emphasis added).

This statute clearly indicates that all of the email correspondence documents at issue contained in the City's risk management claims file, including Records 3 and 4, are confidential and exempt from disclosure until such time as the issues or claims related to McDonough's Notice of Intent have been resolved.

In addition, with regard to Records 3 and 4, the trial court erred by creating a "no harm" exception to section 768.28 that is not contained in either statute or case law. While finding that the documents were contained in the risk file and as such should be exempt, the trial court determined that their production would not harm the City and would not place the City at any disadvantage, and thus were not confidential. This ignores the plain language of the statute indicating that the entire claims file is exempt from disclosure until resolution of the claim or claims. The statute does not contain such an exception to the privilege. As much as judges, both trial court and appellate, would like to carve out such an exception to help expedite the case, we cannot do so. Florida courts are "without power to construe an unambiguous statute in a way which would extend, modify or *limit* its express terms or its *reasonable and obvious* implications. To do so would be an abrogation of legislative power." Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984)

5

(quoting American Bankers Life Assurance Co. of Florida v. Williams, 212 So. 2d 777, 778 (Fla. 1st DCA 1968)); State v. McMahon, 94 So. 3d 468, 472–73 (Fla. 2012); McLaughlin v. State, 721 So. 2d 1170, 1172 (Fla. 1998).

We thus reverse that part of the order on appeal finding Records 3 and 4 non-exempt and remand for further proceedings consistent herewith.  For the same reasons as discussed above, we affirm that part of the order finding Records 1 and 2 are confidential and exempt from disclosure where not only are those documents part of the claim file, but also clearly contain attorney mental impressions, work product, and insurance claim negotiations.  We affirm all remaining issues.

Affirmed in part, reversed and remanded in part.